UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: VISA DEBIT CARD ANTITRUST LITIGATION

Civil Action No.: 24-cv-7435 (JGK)

[~~PROPOSED~~] ORDER GRANTING CARDHOLDER PLAINTIFFS' MOTION FOR CONSOLIDATION, APPOINTMENT OF INTERIM LEADERSHIP, AND ADOPTING INTERIM SCHEDULE

Now before the Court is cardholder Plaintiffs' Unopposed Motion for Consolidation of Related Actions and for Appointment of Interim Leadership.

The Court hereby ORDERS:

I.  **Coordination of Related Actions**

1. On November 26, 2024, the Court consolidated various related cases filed by direct purchaser plaintiffs against defendant Visa Inc. under the caption *In re: Visa Debit Card Antitrust Litigation*, Civil Action No.: 24-cv-7435 (JGK) (Dkt. 35). That order also directed that any future cases filed in or transferred to this Court "that are brought on behalf of persons or entities that have paid Visa's fees for debit transaction routing services, accepted Visa-Branded Debit Cards, or made purchases using Visa-Branded Debit cards" be consolidated into this action (*Id.* at ¶6).

2. ~~Three~~ Two cases asserting similar claims against defendant Visa Inc. for engaging in the same alleged misconduct but on behalf of cardholders, rather than fee payors, have been filed in ~~or have consented to be transferred to~~ this Court (*Griffith, et al. v. Visa, Inc.*, 24-cv-

Case 1:24-cv-09430-JGK   Document 39   Filed 12/16/24   Page 2 of 4

09374 (S.D.N.Y.); *(and)* *Jenkins, et al, v. Visa, Inc.*, 24-cv-09430 (S.D.N.Y.); ~~and~~ [1]/ ~~*Fletcher, et al. v. Visa, Inc.* No. 4:24-cv-00752 (W.D. Mo.)).~~ Given the substantial similarity of all these complaints, these cases fall within the scope of the Court's prior consolidation order as claims brought on behalf of those who made purchases using Visa-Branded Debit cards and are consolidated as related actions under the caption *In re: Visa Debit Card Antitrust Litigation*, Civil Action No.: 24-cv-7435 (JGK).

3. To coordinate all cases within this consolidated action on the same schedule, the cardholder Plaintiffs are ordered to file a consolidated complaint in the Consolidated Action within five days following the entry of this Order. Visa's deadline to answer, move, or otherwise respond to the consolidated complaint is extended to February 24, 2025.

## II. Appointment of Interim Class Leadership

4. Plaintiffs' motion to appoint Interim Class Leadership is GRANTED.

5. Hartley LLP, Paul LLP, and Joseph Saveri Law Firm are appointed Interim Co-Lead Counsel for the cardholder class under Federal Rule of Civil Procedure 23(g)(3) effective December 12, 2024.

---

[1] ~~The *Fletcher* matter is pending transfer on consent from~~ *A third case, Fletcher, et al. v. Visa, Inc., was filed in* the Western District of Missouri ~~and is hereby ordered to be consolidated as provided herein to the extent it is transferred.~~ *and ordered transferred to this District, No. 4-24-cv-00752, and has been ordered to be transferred to this District and should be listed as a related case to 24-cv-7435.*

2

6. Interim Co-Lead Counsel shall be responsible for coordinating and organizing the litigation on behalf of the proposed class in the conduct of this litigation and, in particular, shall have the following responsibilities:

   a. To coordinate with Interim Executive Committee Counsel to prosecute this litigation and carry out the responsibilities below;

   b. To brief and argue motions and file opposing briefs in proceedings initiated by other parties;

   c. To initiate and conduct discovery proceedings;

   d. To act as spokespersons at pretrial conferences;

   e. To negotiate with defense counsel with respect to settlement and other matters;

   f. To call meetings of plaintiffs' counsel when appropriate;

   g. To make all work assignments to plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive efforts;

   h. To establish a time and expense reporting protocol for all plaintiffs' counsel;

   i. To conduct trial and post-trial proceedings;

   j. To consult with and employ experts;

   k. To allocate any Court-awarded fees and reimbursements of disbursements amongst plaintiffs' counsel after settlement or judgment;

   l. To perform such other duties and undertake such other responsibilities as they deem necessary or desirable for the litigation of Plaintiffs' claims; and

   m. To coordinate and communicate with defense counsel with respect to matters addressed in this paragraph.

7. No motion, request for discovery, or other pre-trial proceedings shall be initiated or filed by any cardholder plaintiff in any Consolidated Action through Interim Co-Lead Counsel. All cardholder plaintiffs' counsel in the Consolidated Action, and in subsequently consolidated or coordinated cases, shall keep contemporaneous time records. In such manner as Interim Co-Lead Counsel shall require, all cardholder plaintiffs' counsel shall periodically submit summaries or other records of time and expenses to Interim Co-Lead Counsel. Failure to provide such documents and data on a timely basis may result in the Court's failure to consider non-complaint counsel's application for fees and expenses should this litigation be resolved successfully for Plaintiffs.

8. The appointments made in this Order shall continue until further order of the Court.

SO ORDERED this __16__ day of December, 2024.

_____
John G. Koeltl, United States District Judge