# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: VISA DEBIT CARD ANTITRUST LITIGATION | Civil Action No.: 1:24-cv-07435-JGK |

## CLASS PLAINTIFFS' AND VISA'S JOINT RULE 26(f) REPORT AND [PROPOSED] CASE MANAGEMENT PLAN

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), on January 20, 2025, counsel for (1) the fee-payor/card-acceptor[1] plaintiffs (All Wrapped Up Signs and Graphix, LLC, NDA Aesthetics, LLC, Warren Imports, LLC d/b/a Subaru World of Hackettstown, Yabla, Inc., Broadway Grill, LLC, Ridgeline Roofing LLC, and R&N Productions LLC), (2) the cardholder plaintiffs (Dianne Fletcher, Lindy Griffith, Antoinette Jenkins, and Soniya Dhillon),[2] and (3) defendant Visa Inc. met and conferred on the topics outlined in this report and proposed case management plan and scheduling order.[3]

1.    **Overview of Cases**

*Class Plaintiffs' Statement*

Class Plaintiffs bring this action against Visa pursuant to Sections 1-3 of the Sherman Act, as well as numerous state antitrust statutes. Visa has monopolized and attempted to monopolize general purpose debit network services markets in the United States, and Visa's agreements with counterparties and potential competitors constitute unreasonable restraints of trade.

Visa has entered agreements with merchants, issuers, and acquirers, which include incentives that discourage the use of other debit networks, foreclosing those networks' ability to compete for a large number of debit transactions. This harms consumers and competition in debit markets, including the class members in this case, by discouraging innovation, depriving rivals of

---

[1] The parties disagree on nomenclature. Plaintiffs refer to this putative class as the "fee-payor" class, and Visa refers to this putative class as the "card-acceptor" class. Visa believes plaintiffs' nomenclature is misleading because merchants do not directly pay fees to Visa, which is a substantive issue that will be briefed in connection with Visa's motion to dismiss.

[2] Collectively, the cardholder plaintiffs and the fee-payor/card-acceptor plaintiffs are "Class Plaintiffs."

[3] The fee-payor/card-acceptor plaintiffs filed a consolidated complaint on December 16, 2024, see ECF 38, and the cardholder plaintiffs filed a consolidated complaint on December 27, 2024, see ECF 53.

the scale they need to compete effectively, and insulating Visa from the need to compete on price and quality.

Visa has also entered into agreements with potential competitors, including Apple, PayPal, and fintech companies. In these agreements, Visa provides its potential competitors with incentive payments and exemptions from additional fees, but only if those potential competitors refrain from developing products that would compete with Visa. In other words, Visa pays its potential competitors in exchange for not competing with Visa.

Class Plaintiffs do not agree that a stay of litigation is appropriate. Whatever arguments Visa intends to make concerning the impact of the release in MDL 1720 on the scope of the fee payor class claims, those issues have no bearing on the claims asserted by the cardholder class and thus do not justify a stay of litigation. Further, a stay of litigation would impair the ability of the Class Plaintiffs and the DOJ to coordinate and maintain similar schedules.

*Defendant's Statement*

Putative Class Plaintiffs allege that Visa is a monopolist that has violated the antitrust laws by providing volume-based discounts and reserving its right to terminate agreements with partners if they become competitors. Visa denies plaintiffs' allegations. Plaintiffs ignore the competitive nature of the debit industry and seek to hold Visa liable for the precise type of procompetitive conduct that the antitrust laws are intended to promote. The card-acceptor and cardholder cases should be dismissed under Rule 12(b) for the reasons set forth in Visa's motion to dismiss the government's related complaint and for additional and independent reasons including that plaintiffs lack standing, fail to plead antitrust injury, and are not efficient enforcers of claims based on the challenged conduct. Because plaintiffs' claims lack merit, there is good cause to stay discovery in these cases.

Visa is also entitled to a stay of litigation because, in filing their consolidated amended complaint, the card-acceptor plaintiffs knowingly asserted claims that violate a Rule 23(b)(3) class settlement release and final judgment entered in MDL 1720 (*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, E.D.N.Y.). *See* Superseding and Amended Definitive Class Settlement Agreement of the Rule 23(b)(3) Class Plaintiffs and the Defendants ("MDL 1720 Settlement Agreement", ECF No. 7257-2). Specifically, there are two named class representatives[4] (and potentially a third[5]) who released their claims for the conduct at issue in this litigation, and they are purporting to represent a class of plaintiffs—those who accepted Visa debit cards between 2012 and January 2019—who have also released their claims.[6] The parties agree that the settlement court (i.e., the Eastern District of New York) is the proper venue for resolving this release issue. While this issue is litigated, Visa is entitled to an immediate stay of the present litigation by the card-acceptor plaintiffs until a motion to enforce the class release is decided by the Eastern District

---

[4] Yabla, Inc. and R&N Productions LLC d/b/a SewRobQnE.

[5] With respect to plaintiff Broadway Grill LLC, plaintiffs have represented that the current plaintiff is not covered by the release and today provided corporate documents related to the sale of certain assets to Broadway Grill LLC by a person/entity that formerly did business as Broadway Grill. Visa is reviewing those documents to investigate whether and to what extent Broadway Grill LLC is subject to the terms of the prior settlement and release.

[6] When named plaintiff All Wrapped Up Signs & Graphix LLC filed the first follow-on complaint on behalf of a putative class of merchants, it defined the putative class as persons or entities in the United States that "both (1) have accepted general-purpose Visa-Branded Debit Cards during the period from October 1, 2020 through the present, and (2) did not accept Visa-Branded Cards or Mastercard-Branded Cards prior to January 25, 2019." That proposed class expressly acknowledged the terms of the Rule 23(b)(3) settlement and release and appropriately pleaded around the released claims. The proposed class definition in the Consolidated Class Action Complaint (ECF No. 38) inexplicably broadened the proposed class definition to include persons or entities in the United States that "have incurred fees for debit routing services during the period from January 1, 2012, through present, imposed by Visa," thereby sweeping in broad swaths of released claims. The effect is to add seven years to the scope of the card-acceptor class and to add over 10 million merchants that are responsible for the overwhelming share of debit transactions in the United States. Instead, the card-acceptor putative class must be limited only to those merchants that newly began accepting payment cards from Visa or Mastercard after January 2019, which is small fraction of U.S. merchants and an even smaller fraction of debit transactions.

of New York. *See* MDL 1720 Settlement Agreement ¶¶ 67-68 (upon objecting to the litigation of released claims, Visa "shall be entitled to an immediate stay of that suit, action, or proceeding until after the [MDL 1720] Court has entered an order or judgment determining any issues relating to the defense or objections based on such provision, and no further judicial review of such order or judgment is possible.").

Notwithstanding these substantial grounds to stay discovery in the private litigations pending resolution of Visa's motions to dismiss and motion to enforce, in light of the government's pending related action, and in the interests of efficiency for the parties and convenience of witnesses, Visa has agreed to proceed with certain limited discovery as to unreleased claims and unreleased class members in the private cases. As set forth more fully below, such discovery includes an initial phase in which Visa will produce a copy of Visa's extensive CID productions (over 1.5 million documents dating back as far as 2010, including deposition transcripts and substantial transactional data) to private plaintiffs in the near term. Visa's goal in providing Visa's CID materials to private plaintiffs is to facilitate the efficient coordination of fact discovery with the government; in particular, to avoid subjecting Visa's witnesses to duplicative depositions.

As explained further below with respect to case scheduling, after the conclusion of fact discovery, opportunities to coordinate between the government and private cases will diminish and the schedules in these cases will naturally diverge. For example, unlike the government's case, private plaintiffs face the additional procedural hurdle of class certification, which the Court must determine "[a]t an early practicable time." Fed. R. Civ. Proc. 23(c)(1)(A). Thus, Visa has proposed a schedule to address class certification, which assumes that the parties have obtained final resolution of Visa's motion to enforce the Rule 23(b)(3) settlement agreement and thereby understand the parameters of any proposed class in terms of temporal scope and the identity of merchants (and types of merchants).

2.      **Stay**.

The parties have agreed that Visa must separately seek to enforce the terms of the MDL 1720 Settlement Agreement before the Honorable Margo K. Brodie ("Visa's Motion to Enforce Settlement") and are conferring on a schedule for briefing that motion. Fee-payor/card-acceptor plaintiffs will oppose that motion. In order to preserve Visa's rights under the MDL 1720 Settlement Agreement, Visa will move this Court, with plaintiffs' consent, to stay this litigation as to the fee-payor/card-acceptor plaintiffs who Visa contends have released their claims and as to any and all released claims on behalf of a proposed class pending final resolution of Visa's Motion to Enforce Settlement. *See* MDL 1720 Settlement Agreement, ECF No. 7257-2; *see also* Rule 23(b)(3) Class Settlement Order and Final Judgment, ECF No. 7469-2, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 1:05-md-1720-MKD-JO (E.D.N.Y. June 7, 2019), ¶ 19 (providing for an "immediate stay" if the Rule 23(b)(3) settlement is asserted as a "defense, in whole or in part," against a class member). Fee-payor/card-acceptor plaintiffs reserve their rights to argue that fact discovery from before 2019 remains relevant to the claims of the class members who accepted debit cards only after January 2019.

Both fee-payor/card-acceptor plaintiffs and Visa also reserve their rights to seek modification of this schedule, including Visa's right to seek a full stay of this litigation, for good cause, in the event that the Motion to Enforce Settlement is not resolved in time for the parties to complete fact discovery and engage in expert discovery.

3.      **Initial Disclosures**. The parties agree to exchange the initial disclosures required under FRCP 26(a)(1) no later than February 21, 2025.

4.      **Consent to Proceed before a Magistrate Judge**. The parties do not consent to trial being conducted by a Magistrate Judge.

5.      **Settlement Discussions**. The parties do not believe that referral to a Magistrate

Judge for a settlement conference would be helpful.

6.      **Protective Order**. The parties are negotiating the terms of a proposed protective order that will largely align with the terms agreed to by the DOJ and Visa, which they will submit to the Court as soon as possible.

7.      **Preservation and Production of Electronically Stored Information ("ESI")**. The parties are committed to cooperating on this matter. The parties are in the process of discussing a proposed order governing the disclosure, discovery, and presentation of ESI, and will seek to coordinate those discussions with the United States in the government's related case (24-cv-7214) to facilitate consistent requirements across the cases. The parties will file an agreed ESI protocol with the Court as soon as possible.

8.      **Expert Stipulation**. The parties are discussing the terms of a stipulation and proposed order regarding the scope of expert discovery and will seek to coordinate those discussions with the United States in the government's related case. The parties will submit an expert stipulation to the Court as soon as possible.

9.      **Phases of Discovery**. The parties agree to conduct discovery in these private cases in two phases, in order to account for Visa's motion to dismiss and also to coordinate with the government's related case to the extent feasible. The first phase will be limited to party discovery as set forth in this Paragraph 9. Visa agrees, within two weeks of the completion of briefing on Visa's motion to dismiss, to produce the following materials, subject to Visa's contractual obligations (which Visa already has begun to address and will attempt to complete as expeditiously as practicable) and/or court-ordered provisions requiring notice to third parties prior to production: all documents, written responses, deposition transcripts and videos produced by Visa to the Department of Justice in connection with its pre-Complaint investigation in the government's related case (Case No. 1:24-cv-07124-JGK, SDNY), any production cover letters

6

between Visa and the government, any correspondence between Visa and the government that relates solely to data produced by Visa, and any updates of these materials that Visa produces to the United States in the government's related case, including materials identified in Paragraph 7.a and 7.b in the Amended Rule 26(f) report filed in the government's related case (ECF Nos. 48, 53). Visa also agrees to answer in good faith reasonable informal inquiries from putative Class Plaintiffs regarding the scope of those materials produced to the government.

To the extent that any of the above-listed materials cannot be produced within two weeks of the completion of briefing on Visa's motion to dismiss because of Visa's contractual obligations and/or court-ordered provisions requiring notice to third parties prior to production, Visa agrees to resolve any barriers to production as expeditiously as possible and to produce such materials, when possible, on a rolling basis.

Cardholder plaintiffs agree to produce their bank records for all personal accounts from which they used a debit card, or fintech enabled debit (including, but not limited to, Apple Pay, Venmo, PayPal, Square's Cash App, Google Pay etc.), or ACH/RTP transfer and for which they seek damages commencing January 1, 2012 through present.

Fee-payor/card-acceptor plaintiffs not subject to Visa's motion to Enforce Settlement and motion to stay agree to produce for the period January 1, 2012 through present (i) agreements with any entities regarding their acceptance of any form of payment (e.g., credit and debit payment cards regardless of network; fintech enabled debit including, but not limited to, Apple Pay, Venmo, PayPal, Square's Cash App, Google Pay, etc.; ACH/RTP transfer; buy-now pay later; cash; check; etc.), including but not limited to, agreements with any acquirer, processor, independent sales organization (ISO), value added reseller (VAR) or payment facilitator, fintech entity, The Clearinghouse, bank, cash-handling service, check handling service, or any other entity related to acceptance of any form of payment, and (ii) monthly or periodic statements from these entities.

7

The second phase of discovery, should it be necessary, will begin immediately following the Court's decision on Visa's motions to dismiss and will encompass third-party discovery, as well as additional party discovery.

Finally, the parties commit to continuing to discuss coordination of discovery with the Government's related case (should either private case proceed past the motion to dismiss phase) to the extent feasible. If warranted, the parties will update the Court based on those future discussions.

10.     **Interrogatories**. Class Plaintiffs and Visa are each provided 25 interrogatories per side.

11.     **Depositions**. Except as set out below, the presumptive limits on the number and duration of depositions taken pursuant to Federal Rule of Civil Procedure 30 shall apply. The parties agree that there will be one deposition per witness across the government case and the private cases absent a showing of good cause. Accordingly, Plaintiffs will coordinate among themselves and will attempt, in good faith, to coordinate with the government prior to noticing depositions in the government's related case and this consolidated case in order to allocate time and avoid unnecessarily redundant questioning. Plaintiffs will also attempt, in good faith, to coordinate with the government to serve a joint Rule 30(b)(6) notice on Visa in addition to coordinating among themselves to identify topics relevant to the class cases. Visa may serve no more than one Rule 30(b)(6) notice on each adverse corporate party. Visa may depose no more than three (3) fact witnesses pursuant to Rule 30(b)(1) from each corporate plaintiff. Class Plaintiffs are provided 125 hours of deposition time in addition to the 350 hours provided to the government. Visa agrees that the government, at its discretion, can cede some of its time to Class Plaintiffs. The parties also agree to the following:

A.     **Calculation of Time**. Reasonable breaks will be excluded from calculation of deposition time under Rule 30(d)(1) of the Federal Rules of Civil

Procedure. Only a reasonable amount of time for a deponent to review a document tendered for the examination will count against the Rule 30(d)(1) limits.

B.   **Corporate Representative Depositions**. The parties will cooperate to determine whether a corporate representative or representatives will also be deposed in their individual capacities and make arrangements for the corporate representative and individual portions of the deposition for each representative to take place on the same day or on consecutive days.

C.   **Additional Time**. The parties reserve the right to seek from the Court additional deposition time with particular witnesses.

D.   **Provision for Unused Deposition Hours**. Should the government's related case survive Visa's motion to dismiss but later settle or otherwise terminate before the United States and/or Visa have exhausted the 350 hours allotted for depositions in that case, the unused balance of deposition hours will accrue to Class Plaintiffs and Visa, respectively, to be used in these actions.

E.   **Evidence in Government's Related Case**. The parties agree that the evidence produced in fact discovery in the government's related case (as well as discovery produced in each of the putative fee-payor/card-acceptor and cardholder class actions) is deemed produced as if it had been produced in this consolidated case and in each of the putative fee-payor/card-acceptor and cardholder class actions.

12.   **Cross Noticed Depositions**. In the case of a deposition noticed by both sides, each side may examine the witness for a maximum of five hours, over the course of one day or two consecutive days, at the witness's election. A party must serve a cross-notice of deposition on

9

a non-party, if any, within 7 days of service of the original notice of deposition. In the case of a deposition noticed by one side, the non-noticing party may examine the witness for a maximum of 1.5 hours on the record.

13.    **Exclusions from Deposition Limits**. The parties agree that the following depositions do not count against the proposed deposition limits: (a) depositions of the parties' designated expert witnesses; and (b) pre-complaint depositions taken in response to Civil Investigative Demands in the government's related case. The parties further agree that merits experts shall be deposed only once in connection with these actions.

14.    **Case Schedule**. The parties have reached a proposed agreement as to the case schedule. First, the parties have agreed to a briefing schedule for Visa's forthcoming motions to dismiss, which Visa must file no later than February 24, 2025, *see* ECF 37: the parties propose that Plaintiffs' oppositions be filed no later than April 11, 2025, and Visa's replies, if any, be filed no later than May 8, 2025.

Additionally, the parties agree to coordinate fact discovery deadlines with the government's related case to set a deadline for the completion of fact discovery for March 17, 2026, and to set a deadline for identification of class expert witnesses for March 17, 2026. Finally, the parties agree with respect to a proposed class certification schedule as follows:

| | |
|---|---|
| Plaintiffs' Initial Class Expert Reports & Class Certification Motions | May 1, 2026 |
| Visa's Rebuttal Class Expert Reports & Class Certification Oppositions | July 10, 2026 |
| Plaintiffs' Reply Class Expert Reports & Class Certification Replies | September 18, 2026 |

After a decision on class certification, the parties will meet and propose a schedule for merits experts and summary judgment to the Court.

15.    **Supplementation**. The parties intend to confer again after the Court's ruling on

Visa's motion to dismiss to propose a more fulsome case schedule and additional provisions (including those pertaining to witness lists, expert discovery, pretrial matters, and trial). The parties propose to file a supplemental Rule 26(f) report within 30 days of the Court's order on any motion to dismiss.

Dated: January 24, 2025                                 Respectfully submitted,

                                                        */s/ Brent W. Johnson*
                                                        Brent W. Johnson
                                                        Benjamin D. Brown *(pro hac vice)*
                                                        Daniel McCuaig *(pro hac vice)*
                                                        Zachary Krowitz *(pro hac vice)*
                                                        Alex Bodaken *(pro hac vice forthcoming)*
                                                        **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                                        1100 New York Ave. NW, Eighth Floor
                                                        Washington, DC 20005
                                                        (202) 408-4600
                                                        bjohnson@cohenmilstein.com
                                                        bbrown@cohenmilstein.com
                                                        dmccuaig@cohenmilstein.com
                                                        zkrowitz@cohenmilstein.com
                                                        abodaken@cohenmilstein.com

                                                        Manuel J. Dominguez *(pro hac vice)*
                                                        **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                                        2925 PGA Blvd., Suite 200
                                                        Palm Beach Gardens, FL 33410
                                                        (561) 515-2604
                                                        jdominguez@cohenmilstein.com

                                                        Christopher James Bateman
                                                        **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                                        88 Pine Street, 14th Floor
                                                        New York, NY 10005
                                                        (212)-838-7797
                                                        cbateman@cohenmilstein.com

                                                        */s/ Daniel P. Weick*
                                                        Scott Martin
                                                        Daniel P. Weick
                                                        **HAUSFELD LLP**
                                                        33 Whitehall Street 14th Floor
                                                        New York, NY 10004
                                                        Tel: (646) 357-1100
                                                        Fax: (212) 202-4322

11

smartin@hausfeld.com
dweick@hausfeld.com

Brian A. Ratner *(pro hac vice forthcoming)*
Jane Shin *(pro hac vice)*
Camila Ringeling *(pro hac vice)*
**HAUSFELD LLP**
888 16th Street, NW Suite 300
Tel: (202) 540-7200
Fax: (202) 540-7201
bratner@hausfeld.com
jshin@hausfeld.com
cringeling@hausfeld.com

Christopher L. Lebsock *(pro hac vice)*
**HAUSFELD LLP**
580 California Street, 12th Floor
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 633-4980
clebsock@hausfeld.com

***Interim Co-Lead Counsel for the Fee Payor
Plaintiffs and the Proposed Fee Payor Class***

*/s/ Jason S. Hartley*
Jason S. Hartley *(pro hac vice)*
Jason M. Lindner *(pro hac vice forthcoming)*
**HARTLEY LLP**
101 W. Broadway, Suite 820
San Diego, California 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com

*/s/ Joseph R. Saveri*
Joseph R. Saveri *(pro hac vice)*
Cadio Zirpoli *(pro hac vice)*
David H. Seidel *(pro hac vice forthcoming)*
T. Brent Jordan *(pro hac vice)*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Fransico, California 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
dseidel@saverilawfirm.com
tbjordan@saverilawfirm.com

12

Christopher J. Hydal
**JOSEPH SAVERI LAW FIRM, LLP**
40 Worth Street, Suite 602
New York, New York 10013
Telephone: (646) 527-7310
chydal@saverilawfirm.com

*/s/ Richard M. Paul III*
Richard M. Paul III *(pro hac vice)*
Mary Jane Fait
Laura C. Fellows *(pro hac vice)*
David W. Bodenheimer *(pro hac vice)*
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Rick@PaulLLP.com
MaryJane@PaulLLP.com
Laura@PaulLLP.com
David@PaulLLP.com

*Interim Co-Lead Counsel for Cardholder Plaintiffs
and the Cardholder Class*

*/s/ Anne Davis*
Anne Davis
Matthew Eisenstein
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Anne.Davis@arnoldporter.com
Matthew.Eisenstein@arnoldporter.com

Margaret A. Rogers
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212)-836-8000
Facsimile: (212) 836-6711
Margaret.Rogers@arnoldporter.com

*Attorneys for Defendant Visa Inc.*

So ordered.
[signature]
U.S.D.J.
1/28/25

13