**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE: VISA DEBIT CARD ANTITRUST LITIGATION | Civil Action No.: 1:24-cv-7435 (JGK) |

**CLASS PLAINTIFFS' AND DEFENDANT VISA'S**
**STIPULATED PROTECTIVE ORDER**

To ensure the efficient and prompt resolution of this Action, facilitate discovery by the Parties litigating this Action, and protect Confidential Information and Highly Confidential Information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and according to Federal Rule of Civil Procedure 26(c)(1) and all applicable Local Rules, ORDERS as follows:

**I.    GENERAL PROVISIONS**

1.    "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2.    "Confidential Information" means the portion of any Investigation Materials or Litigation Materials that contains (a) Personally Identifiable Information (PII) or (b) trade secrets or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G). Provided, however, that any portion of any Investigation Materials or Litigation Materials, except for PII, that has been published or otherwise made publicly available is not Confidential Information.

3.    "Defendant" means Visa Inc., and its employees, agents, representatives, parents, subsidiaries, affiliates, successors, and assigns.

4.    "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

1

5.    "Document" means any document, data, or electronically stored information as such term is used in Federal Rule of Civil Procedure 34(a).

6.    "Government Action" refers to *United States of America. v. Visa Inc.*, Case No. 1:24-cv-07214-JGK (S.D.N.Y.), including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

7.    "Highly Confidential Information" means any Confidential Information which the Protected Person producing it reasonably believes is likely to result in economic harm or competitive disadvantage if it is disclosed.

8.    "Investigation" means any pre-complaint review, assessment, or investigation by any Party in the Government Action of the Defendant's conduct alleged in this Action or the Government Action.

9.    "Investigation Materials" means non-privileged Documents, data, communications, transcripts of testimony, or other materials relating to the Investigation, including but not limited to those provided pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-1314, or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. §18a.

10.    "Litigation Materials" means non-privileged Documents, data, communications, transcripts of testimony, or other materials relating to this Action or the Government Action that (a) any non-Party provides to any Party; (b) any Party provides to any non-Party; or (c) any Party provides to any other Party, to this Action or the Government Action. Provided, however, that any written comment relating to a proposed consent judgment in the Government Action that is submitted pursuant to the Antitrust Procedures and Penalties Act (Tunney Act), 15 U.S.C. § 16(b)-(h), is not Litigation Materials.

11.   "Outside Counsel of Record" means the law firm(s) representing the Parties in this Action, including any attorneys, paralegals, and other professional personnel (including IT professionals and support staff) employed by such law firm(s) assigned to this Action.

12.   "Party" means any of the parties in this Action, including any Plaintiffs in any future cases filed in or transferred to this Court that are consolidated into this Action.

13.   "Person" means any natural person, corporation entity, partnership, association, joint venture, governmental entity, or trust.

14.   "Personally Identifiable Information" or "PII" means a natural person's (a) Social Security number; (b) driver's license number, or state or federal government identification number, or foreign country equivalent identification number; (c) passport number; (d) financial account number; (e) credit or debit card number; (f) name, address, or phone number in combination with their date of birth; or (g) personal health information.

15.   "Pretrial Period" means the time between the filing of this Action and the first day of any Trial of this Action.

16.   "Privileged Material" means Investigation Materials or Litigation Materials identified by a Protected Person as subject to attorney-client privilege, common interest privilege, deliberative process privilege, work-product protection, or other applicable legal or evidentiary privilege.

17.   "Protected Person" means any Person, including any Party or non-Party, that provided Investigation Materials or provides Litigation Materials.

18.   Unless otherwise specified, time will be computed according to Federal Rule of Civil Procedure 6(a).

19.    This Order is binding on the Parties, their attorneys, successors, representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, contractors, experts, and consultants, all non-Parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order, upon pain of contempt.

20.    Any Party that seeks discovery related to this Action from any non-Party must include a copy of this Order when serving a discovery request or subpoena on the non-Party. If any Party sent a discovery request or subpoena to any non-Party prior to entry of this Order, that Party must send a copy of this Order to the non-Party within two (2) business days of entry of this Order.

21.    If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information or Highly Confidential Information, it may, within ten (10) business days after receiving notice of this Order pursuant to Paragraph 20, file a motion seeking additional protection from the Court for its Confidential Information or Highly Confidential Information. If a non-Party Protected Person timely files such a motion, the information for which additional protection has been sought may not be disclosed until the Court has rendered a decision on the motion, unless the movant and the Parties reach an agreement that permits disclosure of the Confidential Information or Highly Confidential Information while the motion is pending.

22.    Nothing in this Order limits any Person, including members of the public, a Party, or an interested non-Party, from seeking additional protection or modification of this Order upon a motion duly made according to the Local Rules of this Court, including, without limitation, an order that certain information need not be produced at all or is not admissible evidence in this Action or any other proceeding.

## II.    PROCESS FOR DESIGNATING CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION

### A.    Designating Highly Confidential Information in Investigation Materials

23.    All Investigation Materials or any other materials that are entitled to confidentiality protections pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1313(c)(3), or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a(h), must be treated as Highly Confidential Information during the Pretrial Period unless that designation is successfully challenged under the procedures set forth in Paragraphs 42-43 below.

### B.    Designating Confidential Information or Highly Confidential Information in Litigation Materials.

24.    The following procedures govern the process for Protected Persons (including Parties) to designate Confidential Information or Highly Confidential Information contained in any Litigation Materials. By so designating, the Protected Person (and counsel, if any) represents to the Court that it, in good faith, believes that the information constitutes Confidential Information or Highly Confidential Information as defined in Paragraph 2 and 7 of this Order.  Any Litigation Materials not designated in the manner required by this Order will not be treated as Confidential Information or Highly Confidential Information, even if such information was subject to a prior designation of confidentiality.

25.    Documents Produced in Native Format. When a Protected Person produces electronically stored Documents in a native file format, the Protected Person must designate any Confidential Information by (a) appending the suffix "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the file name or document production number, or (b) including the confidentiality designation in reasonably accessible metadata associated with the file. When Documents that were produced in native file format are printed for use during a deposition, for a court proceeding, or

5

for disclosure to any Person described in Paragraphs 33 or 34, the Party printing the file must affix to the printed version a label containing the production number and the confidentiality designation associated with the Document(s).

26.     Documents and Data Produced in Hard Copy or Non-Native Format. When a Protected Person produces Documents in hard copy, image files, or other non-native formats, the Protected Person must designate Confidential Information or Highly Confidential Information by stamping or otherwise marking each page or image that contains Confidential Information with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with legibility.

27.     Testimony. All transcripts of depositions taken in this Action will be treated as Highly Confidential Information in their entirety for forty-five (45) days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel) or as many days as the Parties may agree. Within forty-five (45) days of receiving a final transcript, a Protected Person may designate any portion of a deposition transcript or any portion of a deposition exhibit as containing Confidential Information or Highly Confidential Information by highlighting, stamping, or otherwise clearly marking the information as Confidential or Highly Confidential and by providing for future public use a copy of the deposition transcript and exhibits with the Confidential Information or Highly Confidential Information redacted. Any Party may request an extension of time to prepare confidentiality designations and such requests shall be considered in good faith and consent shall not be unreasonably withheld. Any portion of a transcript or portion of a deposition exhibit not designated in the manner required by this Paragraph will not be treated as Confidential Information or Highly

Confidential Information, even if the Document(s) that became the deposition exhibit(s) or information that is the subject of the deposition testimony was subject to a prior designation of confidentiality.

**C.      Notice of Confidentiality Designation to the Parties**

28.     Any designation of Confidential Information or Highly Confidential Information or other written notice to the Parties required by this Order must be provided by email, overnight mail, or hand delivery to the following counsel for the Parties:

For Fee-Payor/Card-Acceptor[1] Plaintiffs and Fee-Payor/Card-Acceptor putative class counsel:

| | |
|---|---|
| Brent W. Johnson<br>Benjamin D. Brown<br>Daniel McCuaig<br>Zachary Krowitz<br>Alex Bodaken<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>1100 New York Avenue, NW, Eighth Floor<br>Washington, DC 20005<br>(202) 408-4600<br>bjohnson@cohenmilstein.com<br>bbrown@cohenmilstein.com<br>dmccuaig@cohenmilstein.com<br>zkrowitz@cohenmilstein.com<br>abodaken@cohenmilstein.com<br><br>Manuel J. Dominguez<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>2925 PGA Blvd., Suite 200<br>Palm Beach Gardens, FL 33410<br>(561) 515-2604<br>jdominguez@cohenmilstein.com | Scott Martin<br>Daniel P. Weick<br>**HAUSFELD LLP**<br>33 Whitehall Street 14th Floor<br>New York, NY 10004<br>(646) 357-1100<br>smartin@hausfeld.com<br>dweick@hausfeld.com<br><br>Brian A. Ratner<br>Jane Shin<br>Camila Ringeling<br>**HAUSFELD LLP**<br>888 16th Street, NW Suite 300<br>(202) 540-7200<br>bratner@hausfeld.com<br>jshin@hausfeld.com<br>cringeling@hausfeld.com<br><br>Christopher L. Lebsock<br>**HAUSFELD LLP**<br>600 Montgomery Street, Suite 3200<br>San Francisco, CA 94111<br>(415) 633-1908<br>clebsock@hausfeld.com |

---

[1] The parties disagree on nomenclature. *See* Rule 26(f) Discovery Plan Report at 1 n.1 (Dkt. No. 94).

For the cardholder Plaintiffs and cardholder putative class counsel:

| | | |
|---|---|---|
| Richard M. Paul III<br>Mary Jane Fait<br>Laura C. Fellows<br>David W. Bodenheimer<br>**PAUL LLP**<br>601 Walnut Street, Ste 300<br>Kansas City, MO 64106 | Jason S. Hartley<br>Jason M. Lindner<br>**Hartley LLP**<br>101 W. Broadway, Ste 820<br>San Diego, CA | Joseph R. Saveri<br>Cadio Zirpoli<br>David H. Seidel<br>T. Brent Jordan<br>**Joseph Saveri Law Firm LLP**<br>601 California St., Ste 1505<br>San Franscisco, CA 94108 |

For Visa Inc.:

| | |
|---|---|
| Anne P. Davis<br>Matthew Eisenstein<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>601 Massachusetts Avenue, NW<br>Washington, DC 20001-3743<br>Tel. (202) 942-6197<br>Fax. (202) 942-5999<br>Anne.Davis@arnoldporter.com<br>Matthew.Eisenstein@arnoldporter.com<br><br>Margaret A. Rogers<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>250 West 55th Street<br>New York, NY 10019-9710<br>Tel. (212) 836-7830<br>Fax. (212) 836-6711<br>Margaret.Rogers@arnoldporter.com | Beth Wilkinson<br>Brian Stekloff<br>Kieran Gostin<br>Roxana Guidero<br>**WILKINSON STEKLOFF LLP**<br>2001 M Street NW, 10th Floor<br>Washington, DC 20036<br>Telephone: (202) 847-4000<br>Facsimile: (202) 847-4005<br>bstekloff@wilkinsonstekloff.com<br>bwilkinson@wilkinsonstekloff.com<br>kgostin@wilkinsonstekloff.com<br>rguidero@wilkinsonstekloff.com |

**D.    Inadvertent Failure to Designate Confidential Information or Highly Confidential Information**

29.    A Protected Person that produced Litigation Materials prior to receiving a copy of this Order and did not designate such information as Confidential Information or Highly Confidential Information at the time it was produced may subsequently designate such materials as Confidential Information or Highly Confidential Information according to the terms of this Order following receipt of this Order.

30.     If at any time prior to the trial of this Action, a Protected Person realizes it inadvertently failed to designate Confidential Information or Highly Confidential Information that it previously produced in Litigation Materials, it may so designate such information by following the procedures of this Order. The Parties must thereafter treat the information according to the Protected Person's new designation; provided, however, that no prior disclosure of newly designated Confidential Information or Highly Confidential Information violates this Order. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any subsequent confidentiality designation.

## III.     USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

### A.     Limited Use and Disclosure of Confidential Information and Highly Confidential Information

31.     Except as provided by Paragraph 36 of this Order, all Confidential Information and Highly Confidential Information produced by a Party or a non-Party Protected Person as part of this Action may be used solely for the conduct of this Action and must not be used for any business, commercial, competitive, personal, or other purpose. Provided, however, this order does not preclude another court from finding that Confidential Information or Highly Confidential Information produced in this Action is relevant and subject to disclosure in another case.

32.     Any Person that becomes subject to a motion to disclose Confidential Information or Highly Confidential Information protected by this Order in another case must promptly notify the Party or non-Party Protected Person that designated the Confidential Information or Highly Confidential Information of the motion so the Protected Person has an opportunity to appear in the other case and be heard on whether that information should be disclosed.

33.     Except as provided by Paragraph 36 or pursuant to a court order, Confidential Information may be disclosed only to the following Persons:

(a)  the Court and all Persons assisting the Court in this Action, including magistrates, law clerks, court reporters, and stenographic or clerical personnel;

(b)  any special master, mediator, arbitrator, trustee, or monitor that the Parties engage in this Action or that this Court appoints;

(c)  Outside Counsel of Record for the Parties, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action, and agents or independent contractors retained by Defendant to assist in this Action whose functions require access to the information;

(d)  persons who are the authors, addressees, recipients, or custodians of the Confidential Information and persons who counsel for a Party believes in good faith previously received or had access to the Confidential Information, unless the person indicates they did not have access to the information;

(e)  any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated, employees of any firm retained by a Party to assist a testifying or consulting expert in this Action, and independent contractors who assist the expert's work in this Action, provided they first execute an Agreement Concerning Confidentiality in the form attached as Appendix A;

(f)  outside vendors or service providers (such as e-discovery vendors, contract attorneys, and printing service providers) retained by a Party to assist that Party in this Action, provided they first execute an Agreement Concerning Confidentiality in the form attached as Appendix A;

(g)  outside trial consultants (including, but not limited to, graphics consultants and jury consultants) retained by a Party to assist that Party in this Action, provided they first execute an Agreement Concerning Confidentiality in the form attached as Appendix A;

(h)  stenographers engaged to transcribe, and videographers engaged to record, depositions conducted in this Action;

(i)  five in-house attorneys for each of the Parties, not involved in business decisions, to whom disclosure is reasonably necessary for this litigation and whose names must be disclosed to each of the Parties at least five (5) business days before being given access to Confidential Information, provided that the in-house attorneys must first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto. For the purposes of this paragraph, the phrase "involved in business decisions" does not include the rendering of legal advice solely as to litigation, compliance, regulatory, or liability issues related to business decisions. To the extent any Party seeks to change the five in-house attorneys that may receive access to Confidential Information, that Party must provide notice to each of the other Parties at least ten (10) business days prior to the effective date of such change.

34.    Except as provided by Paragraph 36 or pursuant to a court order, Highly Confidential Information may be disclosed only to the persons set forth in Paragraph 33(a)-(h) above and under the same requirements to execute an Agreement Concerning Confidentiality in the form attached as Appendix A.

35.    Each person identified in Paragraphs 33 and 34 of this Order to whom Confidential Information or Highly Confidential Information is disclosed may not disclose that Confidential

Information or Highly Confidential Information to any other Person, except as otherwise provided by this Order.

36.    Nothing in this Order:

(a)    limits a Protected Person's use or disclosure of its own Confidential Information or Highly Confidential Information;

(b)    prevents disclosure of Confidential Information or Highly Confidential Information with the consent of the Protected Person that designated the material;

(c)    prevents disclosure by a Party of Confidential Information or Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) that was lawfully acquired by or known to that Party independent of receipt during the Investigation or this Action; (iii) that was previously produced, disclosed, or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to a court order; or

(d)    requires Plaintiffs to withdraw or redact their Complaints.

**B.    Inadvertent Disclosure of Confidential Information**

37.    In the event Confidential Information or Highly Confidential Information is disclosed to a Person not authorized to receive it under this Order, the Party responsible for the disclosure must promptly notify the Protected Person whose Confidential Information or Highly Confidential Information has been disclosed and provide all known relevant information concerning the nature and circumstances of the disclosure. The Party responsible for the disclosure must also promptly take all reasonable measures to retrieve the improperly disclosed material and ensure there is no additional unauthorized disclosure or use of the information.

38.    In the event that Confidential Information or Highly Confidential Information is inadvertently disclosed to a Person not authorized to receive it under this Order, the parties shall

continue to treat the material as Confidential Information or Highly Confidential Information unless and until such designation is changed, pursuant to court order or otherwise, by the designating party.

### C.    Motions to Seal Pretrial Court Filings

39.    After the entry of this Order, during the Pretrial Period if any Confidential Information or Highly Confidential Information is included in a pleading, motion, exhibit, or other paper filed with the Court, the filing Party must file such Confidential Information or Highly Confidential Information under seal. The Protected Person that designated the material as Confidential Information or Highly Confidential Information may not oppose the filing of such Confidential Information or Highly Confidential Information under seal. The Parties and any Protected Person must comply with Section VI of the Court's Individual Practices, the Court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6, with respect to seeking Court approval for sealing and/or redacting filings.

40.    Filing another Person's Confidential Information or Highly Confidential Information under seal does not constitute agreement by the filing Party that the information is properly designated, and nothing in this Order should be construed to prevent a Party from later challenging the confidentiality designation of the information that was previously filed under seal.

### D.    Challenging Confidentiality Designations During the Pretrial Period

41.    This Order does not preclude or prejudice a Protected Person or Party from arguing for or against any confidentiality designation, establish any presumption that a particular confidentiality designation is valid, or alter the burden of persuasion that would otherwise apply in a dispute over whether something constitutes Confidential Information or Highly Confidential Information.

13

42.    During the Pretrial Period, any Party that objects to the treatment or designation of Investigation Materials or Litigation Materials as Confidential Information or Highly Confidential Information—including a new confidentiality designation made pursuant to Paragraph 30—may provide written notice to the Protected Person who made the designation and to all Parties identifying the challenged designation and stating the grounds for the objection. All materials objected to must continue to be treated as Confidential Information or Highly Confidential Information pending resolution of the dispute by agreement between the objecting party and the Protected Person or by the Court.

43.    After providing written notice of an objection, the parties have fourteen (14) days to try to resolve the dispute, and no motions related to the written confidentiality objection may be filed during the fourteen (14) day period absent good cause. If the objecting Party and the Protected Person cannot reach agreement within fourteen (14) days of the Party's written notice, the Protected Person shall file, within twenty-eight (28) days of the objecting party's written objection, a motion for a protective order with the Court to maintain the confidentiality of the challenged material. The Protected Person bears the burden of persuading the Court that the material is Confidential Information or Highly Confidential Information as defined in Paragraph 2 and 7 of this Order. If the Protected Person fails to timely address the dispute to the Court in accordance with this Paragraph, or if the Court finds the designation inapplicable, the information will no longer be treated as Confidential Information or Highly Confidential Information in this Action.

## IV.    USE OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION AT TRIAL AND IN POST-TRIAL FILINGS

### A.    Notice to Non-Party Protected Persons of Confidential Information and Highly Confidential Information to be Used at Trial

44.    Within seven (7) days of the Parties' exchange of their preliminary trial exhibit lists, the Parties must notify any non-Parties (or the non-Party's counsel if represented by counsel) that

produced any of the exhibits on their preliminary trial exhibits lists. The notification must identify the exhibit(s) produced by the non-Party and include a copy of this Order.

45.    Within seven (7) days of the Parties' exchange of their preliminary deposition designations, the Parties must notify any non-Party deponents (or the deponent's counsel, if represented by counsel) whose testimony appears in their preliminary deposition designations. The notification must identify the designated deposition testimony and include a copy of this Order.

**B.    Sealing Confidential Information and Highly Confidential Information at Trial**

46.    The Parties must meet and confer in good faith with each other and with any affected non-Party Protected Person regarding the disclosure and use of Confidential Information or Highly Confidential Information at Trial before filing any motions with the Court to seal Confidential Information or Highly Confidential Information at Trial.

47.    No later than twenty-one (21) days before the Final Pretrial Conference in this Action, any Party or non-Party Protected Person that seeks to prevent its Confidential Information or Highly Confidential Information contained in a trial exhibit or designated deposition testimony from being disclosed on the public record at Trial must file a motion with the Court seeking to seal such information at Trial by following the procedure set forth in the Court's Individual Practices, Section VI, Standing Order 19-mc-00583, and ECF Rules & Instructions, section 6. The movant bears the burden of persuading the Court that the material should be sealed at Trial. Any opposition to a motion to seal must be filed within fourteen (14) days after the motion is filed. Replies to a motion to seal may only be filed with leave of the Court upon showing of good cause.

48.    If the Court grants a motion to seal brought pursuant to Paragraph 47, the Confidential Information or Highly Confidential Information that is the subject of the motion must be sealed and not made available on the public record for purposes of all arguments, presentations, and witness examinations at Trial, unless the Court orders otherwise.

49.    Absent a ruling by the Court granting a motion to seal brought pursuant to Paragraph 47, any information previously designated by a Protected Person as Confidential Information or Highly Confidential Information that appears on any Party's final trial exhibit list or final deposition designations, and that is admitted into evidence at trial, will no longer be treated as Confidential Information or Highly Confidential Information under the terms of this Order, will be disclosed on the public record, and any arguments, presentations, and witness examinations about such information likewise will be disclosed on the public record.

### C.    Sealing Post-Trial Court Filings

50.    If a Party includes in any post-Trial motion, brief, findings of fact, conclusions of law, or other paper filed with the Court any Documents, data, testimony, or other materials or information that were sealed during Trial under the terms of this Order or any other Order of the Court, the Party must file such information under seal. The Protected Person that requested the sealing of such information during Trial may not oppose the motion to file under seal and the filing Party need not meet and confer with the Protected Person before filing the Confidential Information or Highly Confidential Information under seal.

51.    Any information that appears on any Party's final trial exhibit list or final deposition designations and was admitted in evidence at trial that was not sealed during Trial under the terms of this Order or any other order of the Court need not be sealed in any post-Trial motion, brief, findings of fact, conclusions of law, or other paper filed with the Court and may be disclosed on the public record.

### V.    INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

52.    Pursuant to and consistent with Federal Rule of Evidence 502 and applicable case law, the disclosure of any Investigation Materials or Litigation Materials subject to attorney client

privilege, deliberative process privilege, work product protection, or other applicable legal or evidentiary privilege ("Privileged Material") does not operate as a waiver in this Action or in any other federal or state proceeding, if (a) the disclosure was inadvertent; (b) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (c) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

53.    The Person asserting the privilege bears the burden of proof with respect to a claim or assertion of privilege. A Person claiming inadvertent production of Privileged Material must first make a good-faith determination that such materials are privileged or otherwise protected from disclosure under applicable law and rules. The Person must then promptly notify all Parties that received the Privileged Material and provide sufficient information for such Parties to assess the claim of privilege, in the form of a privilege log as outlined in Federal Rule of Civil Procedure 26(b)(5). If a receiving Person discovers a Document that it believes to be Privileged Material, the receiving Person must promptly notify the designating Person; provided, however, that no Person will be found to have violated this Order for failing to recognize inadvertently produced Privileged Material.

54.    After discovering or being notified of a claim of inadvertent production of Privileged Material, any receiving Person (a) may not use or disclose the Privileged Material until the claim is resolved, except as permitted by Federal Rule of Civil Procedure 26(b)(5), (b) must return, sequester, or destroy all copies of the Privileged Material in its possession, and (c) must take reasonable steps to retrieve the Privileged Material from any Person(s) to whom the receiving Person disclosed it before being notified of or discovering the inadvertent production. The

designating Person must retain a copy of the Privileged Material until the resolution or termination of this Action.

## VI.    PROCEDURES UPON TERMINATION OF THIS ACTION

55.    The obligations imposed by this Order survive the termination of this Action unless the Court orders otherwise.

56.    Within ninety (90) days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Confidential Information or Highly Confidential Information must make a good faith effort to return all copies of such Confidential Information or Highly Confidential Information that has not otherwise been made public during this Action to the Protected Person that produced it (or the Protected Person's counsel, if represented by counsel), or to destroy or delete all copies of such Confidential Information or Highly Confidential Information, unless the Confidential Information or Highly Confidential Information may be retained pursuant to Paragraph 36, Paragraph 58, or Paragraph 59. All Confidential Information or Highly Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Order.

57.    Within ninety (90) days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Confidential Information or Highly Confidential Information must certify compliance with Paragraph 56 of this Order in writing to the Party or Protected Person that produced the Confidential Information or Highly Confidential Information.

58.    Counsel for the Parties will be entitled to retain court papers, deposition, hearing, and trial transcripts and exhibits, and work product containing Confidential Information or Highly Confidential Information, provided that the Parties and their counsel do not disclose the portions

of those materials containing Confidential Information or Highly Confidential Information except pursuant to a court order or with the consent of the Protected Person that produced the Confidential Information or Highly Confidential Information, or as otherwise permitted by this Order.

59.    Expert witnesses for the Parties, and any firm retained by a Party to assist an expert witness in this Action will be entitled to retain their own expert reports, their own deposition and trial transcripts and exhibits, and their own work product, even if such materials contain Confidential Information or Highly Confidential Information, provided such Persons have executed Appendix A to this Order and do not disclose the portions of those materials containing Confidential Information or Highly Confidential Information except pursuant to a court order or with the consent of the Protected Person that produced the Confidential Information or Highly Confidential Information.

60.    Counsel for a Party that disclosed Confidential Information or Highly Confidential Information to a Person identified in Paragraph 33 subparagraphs (e), (f), or (g) and Paragraph 34 of this Order must obtain and retain the signed version of the Agreement Concerning Confidentiality in the form attached as Appendix A for a period of at least one year following the termination of this Action.

61.    This Court retains jurisdiction to resolve any disputes arising out of this Order after termination of this Action.

62.    This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

**SO ORDERED** this _19_ day of _February_, 2025.

_Hon. John G. Koeltl_

Dated: February 18, 2025

Brent W. Johnson (Attorney Bar Code 4955745)
Benjamin D. Brown (pro hac vice)
Daniel McCuaig (pro hac vice)
Zachary Krowitz (pro hac vice)
Alex Bodaken (pro hac vice forthcoming)
**COHEN MILSTEIN SELLERS & TOLL
PLLC**
1100 New York Ave. NW, Eighth Fl.
Washington, DC 20005
(202) 408-4600
bjohnson@cohenmilstein.com
bbrown@cohenmilstein.com
dmccuaig@cohenmilstein.com
zkrowitz@cohenmilstein.com
abodaken@cohenmilstein.com

Manuel J. Dominguez (pro hac vice)
**COHEN MILSTEIN SELLERS & TOLL
PLLC**
2925 PGA Blvd., Suite 200
Palm Beach Gardens, FL 33410
(561) 515-2604
jdominguez@cohenmilstein.com

Respectfully Submitted,

*/s/ Christopher L. Lebsock*
Christopher L. Lebsock (pro hac vice)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908 Fax: (415) 633-4980
clebsock@hausfeld.com

Scott Martin
Daniel P. Weick
**HAUSFELD LLP**
33 Whitehall Street 14th Floor
New York, NY 10004
Tel: (646) 357-1100
smartin@hausfeld.com
dweick@hausfeld.com

Brian A. Ratner (pro hac vice)
Jane Shin (pro hac vice)
Camila Ringeling (pro hac vice)
**HAUSFELD LLP**
888 16th Street, NW Suite 300
Tel: (202) 540-7200
Fax: (202) 540-7201
bratner@hausfeld.com
jshin@hausfeld.com
cringeling@hausfeld.com

**INTERIM CO-LEAD COUNSEL FOR FEE-PAYOR PLAINTIFFS
AND THE FEE-PAYOR CLASS**

Jason S. Hartley
Jason M. Lindner
**HARTLEY LLP**
101 W. Broadway, Suite 820
San Diego, California 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com

*/s/ Richard M. Paul*
Richard M. Paul III *(Pro Hac Vice)*
Mary Jane Fait (SBN #1669019)
Laura C. Fellows *(Pro Hac Vice)*
David W. Bodenheimer *(Pro Hac Vice
forthcoming)*
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100

Joseph R. Saveri (*Pro Hac Vice*)
Cadio Zirpoli (*Pro Hac Vice*)
David H. Seidel (*Pro Hac Vice*)
T. Brent Jordan (*Pro Hac Vice*)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Fransico, California 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
dseidel@saverilawfirm.com
tbjordan@saverilawfirm.com

Rick@PaulLLP.com
MaryJane@PaulLLP.com
Laura@PaulLLP.com
David@PaulLLP.com

Christopher J. Hydal (SBN 5670492)
**JOSEPH SAVERI LAW FIRM, LLP**
40 Worth Street, Suite 602
New York, New York 10013
Telephone: (646) 527-7310
chydal@saverilawfirm.com

**INTERIM CO-LEAD COUNSEL FOR CARDHOLDER PLAINTIFFS
AND THE CARDHOLDER CLASS**

Beth Wilkinson
Brian Stekloff
Kieran Gostin
Roxana Guidero
**WILKINSON STEKLOFF LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bstekloff@wilkinsonstekloff.com
bwilkinson@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
rguidero@wilkinsonstekloff.com

*/s/ Anne P. Davis*
Anne P. Davis
Matthew Eisenstein
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel. (202) 942-6197
Fax. (202) 942-5999
Anne.Davis@arnoldporter.com
Matthew.eisenstein@arnoldporter.com

Margaret A. Rogers
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel. (212) 836-7830
Fax. (212) 836-6711
Margaret.Rogers@arnoldporter.com

**COUNSEL FOR DEFENDANT VISA INC.**

APPENDIX A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: VISA DEBIT CARD ANTITRUST LITIGATION | **Civil Action No.: 1:24-cv-7435 (JGK)** |

**AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed by _____ in the position of _____. I certify as follows:

1. I have read the Protective Order entered in the above-captioned action and understand its terms.

2. I agree to be bound by the terms of the Protective Order. I agree to use the information provided to me only as explicitly permitted by the Protective Order.

3. I understand that my failure to abide by the terms of this Protective Order will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of this Court solely for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Dated: _____, 20___          Signed: _____