# Arnold & Porter

Anne P. Davis
+1 202.942.6197 Direct
Anne.Davis@arnoldporter.com

February 24, 2025

**BY ECF**

**APPLICATION GRANTED**
**SO ORDERED**

The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

2/24/25

John G. Koeltl, U.S.D.J.

Re:   *In re: Visa Debit Card Antitrust Litigation*, 1:24-cv-07435-JGK –
      Consent Motion for Partial Stay of Litigation

Dear Judge Koeltl:

On behalf of defendant Visa Inc. ("Visa"), we respectfully submit this letter motion on consent of plaintiffs to request a stay of litigation as to certain putative class representatives and certain claims in the above-captioned case.

As set forth in the Rule 26(f) Report and Case Management Plan (ECF No. 98) that Your Honor entered on January 28, 2025, Visa believes that some of the claims the card-acceptor plaintiffs have asserted violate a Rule 23(b)(3) class settlement release and final judgement entered in MDL 1720, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-MD-1720 (E.D.N.Y.) ("MDL 1720"). *See* Superseding and Amended Definitive Class Settlement Agreement of the Rule 23(b)(3) Class Plaintiffs and the Defendants, ECF No. 7257-2 ("MDL 1720 Settlement Agreement"); Final Approval Order, ECF No. 7818 ("Final Judgment").[1] In particular, Visa believes there are two putative class representatives[2] who released their claims for the conduct at issue in this litigation, and they are purporting to represent a putative class of

---

[1] Plaintiffs here are also members of a certified non-opt-out Rule 23(b)(2) class action in MDL 1720, which raises the same integral facts and involves the same transactions as the present case. *See* Equitable Relief Class Action Consolidated Class Action Complaint, *In re Payment Card*, No. 05-MD-1720 (E.D.N.Y. Apr. 4, 2017); *DDMB, Inc. v. Visa, Inc.*, 05-MD-1720, 2021 WL 6221326 (E.D.N.Y. Sept. 27, 2021) (Class Certification Order). A final judgment entered in that case thus will act as res judicata as to Plaintiffs' injunctive relief claims here. Visa does not agree to litigate here injunctive relief claims that were or could have been brought in that Rule 23(b)(2) class action and Visa will assert its rights if and when this issue becomes ripe.

[2] Yabla, Inc. and R&N Productions LLC d/b/a SewRobQnE.

Arnold & Porter Kaye Scholer LLP
250 West 55th Street | New York, NY 10019-9710 | www.arnoldporter.com

US 253726311

# Arnold & Porter

February 24, 2025
Page 2

card acceptors—those who accepted Visa debit cards between 2012 and January 2019—who also have released their claims.

As explained in the Rule 26(f) Report (ECF No. 98), the settlement court (i.e., the Eastern District of New York) retains exclusive jurisdiction to resolve the scope of the released claims under the MDL 1720 Settlement Agreement. *See* Final Judgment ¶¶ 18–19 ("this Court hereby retains continuing [and exclusive] jurisdiction . . . to enforce the [MDL 1720 Settlement Agreement]"). Visa and the card-acceptor plaintiffs have agreed to cooperate in Visa's further investigation with respect to the status of another named Plaintiff (Broadway Grill) and that Visa will move to enforce the MDL 1720 Settlement Agreement before the end of next month. While this issue is being litigated, Visa is entitled to an immediate stay of this action until Visa's motion to enforce the class release is decided by the settlement court:

> <u>In the event that the provisions of this Superseding and Amended Class Settlement Agreement</u> or the Rule 23(b)(3) Class Settlement Order and Final Judgment <u>are asserted by any Defendant</u> or other Rule 23(b)(3) Settlement Class Released Party <u>as a ground for a defense, in whole or in part, to any claim or cause of action, or are otherwise raised as an objection in any other suit</u>, action, or proceeding by a Rule 23(b)(3) Class Plaintiff or member of the Rule 23(b)(3) Settlement Class, <u>it is hereby agreed that the Rule 23(b)(3) Settlement Class Released Parties shall be entitled to an immediate stay of that suit</u>, action, or proceeding <u>until after the Court has entered an order or judgment determining any issues relating to the defense or objections based on such provisions</u>, and no further judicial review of such order or judgment is possible.

Final Judgment ¶ 20 (emphasis added). Notwithstanding Visa's right to seek a full stay of this action, in light of the government's pending related action (24-cv-7214) and in the interest of efficiency for the parties and convenience of witnesses, Visa has agreed to proceed with this action as to unreleased named Plaintiffs and putative class members and unreleased claims, as set forth in the Rule 26(f) Report (ECF No. 98).

Accordingly, in order to preserve Visa's rights under the MDL 1720 Settlement Agreement, and on consent of Plaintiffs, Visa respectfully requests that this Court stay litigation as to Yabla, Inc. and R&N Productions LLC d/b/a SewRobQnE and as to all released claims asserted by the card-acceptor Plaintiffs (i.e., all claims asserted by or on behalf of entities that accepted Visa- or Mastercard-branded cards from January 1, 2004 to

# Arnold & Porter

February 24, 2025
Page 3

January 25, 2019) until final resolution of Visa's forthcoming motion to enforce the MDL 1720 Settlement Agreement.

Thank you for considering this request.

Respectfully Submitted,

/s/ *Anne P. Davis*

Anne P. Davis

Copies to all counsel of record by ECF