September 5, 2025

**VIA ECF**

Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

   Re: *In re: Visa Debit Card Antitrust Litig.*, No. 1:24-cv-7435 (JGK)
      Motion to Modify Scheduling Order

Dear Judge Koeltl:

  Pursuant to Federal Rule of Civil Procedure 16(b)(4), Fee-Payor and Cardholder Class Plaintiffs in the above-captioned case respectfully request modification of the case management order ("CMO"). *In re: Visa Debit Card Antitrust Litig.*, 1:24-cv-7435 (JGK) ("Class Case"), ECF 137. On June 23, 2025, this Court denied Visa's motion to dismiss the government's related case. *United States of America v. Visa, Inc.*, 1:24-cv-7214 (JGK) ("Government Case"), ECF 89. The Department of Justice and Visa are accordingly moving forward with discovery in that case. *See id.* ECF 100 (entering an amended case management plan). Because the motions to dismiss in *this* case remain pending, however, Class Plaintiffs cannot participate in that process. *See* Class Case, ECF 137 ¶ 9 (noting that discovery aside from initial document productions will not begin until "the Court's decision on Visa's motions to dismiss" the Class Case).

  In an attempt to continue coordinating discovery and deadlines between the related cases, Class Plaintiffs have met and conferred several times with Visa and requested that Visa consent to entry of a Second Amended Case Management Plan (the "Plan").[1] The Plan would be limited to these four substantive changes[2] from the current CMO:

- Immediately allow Class Plaintiffs to coordinate all aspects of fact discovery with the DOJ in the Government Case;

- Within 14 days of the Court's entry of the Plan, require Visa to produce to Class Plaintiffs discovery that has been produced in the Government Case, subject to applicable and agreed-upon protections for third-party discovery;

- Within 21 days of the Court's entry of the Plan, permit Class Plaintiffs and Visa to begin engaging in full fact discovery in this case;[3] and

---

[1] Consistent with the parties' reservation of rights to seek CMO modification, *see* Class Case, ECF 98 ¶ 2, Visa has requested, and Class Plaintiffs consented, to one CMO modification, which Visa submitted to the Court on June 3, 2025. *Id.* ECF 137; *see id.* ECF 140 (explaining the modification).
[2] The Plan also brings current paragraphs three, six, seven, and eight of the CMO to reflect the case's status.
[3] "Full discovery" includes discovery regarding the full scope of the relevant classes, which include fee-payors or cardholders that used Visa's debit services since January 1, 2012. *See* Class Case ECF 38 ¶ 236 (fee-payors); *Id.* ECF

1

- Coordinate Visa's production of structured data between the two cases.

On September 2, 2025, Visa opposed this request because, in its view, the current CMO's bar on discovery continues to serve important purposes.

Given the likelihood that it will soon become impossible for Class Plaintiffs to meet the current deadlines in this case or to coordinate effectively with the DOJ on depositions if Class Plaintiffs continue to be excluded from meaningful participation in discovery, Class Plaintiffs respectfully request that this Court order Visa to comply with the above requests and enter the proposed Second Amended Case Management Plan as filed concurrently herewith.

Under Rule 16, a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Whether good cause exists turns on the diligence of the moving party." *Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)). Courts also consider the "reasons advanced as justifying" modification. *Nikonov v. Flirt NY, Inc.*, 338 F.R.D. 444, 445 (S.D.N.Y. 2021).

In January of this year, Class Plaintiffs, Visa, and the Department of Justice coordinated to set a common fact discovery deadline across the related cases: March 17, 2026. Class Case, ECF 98 ¶ 14; Government Case, ECF 53 ¶ 12. The joint deadline reflected the parties' common understanding that Class Plaintiffs and the DOJ would work together during the discovery period to gather and exchange party and third-party discovery, notice, schedule, and take depositions, and otherwise coordinate discovery practice.

The current CMO, however, bars Class Plaintiffs from participating in that discovery until the motions to dismiss in this case are decided. Class Case, ECF 137 ¶ 9. Although the government is prosecuting its case diligently, Class Plaintiffs have unique interests and needs in discovery (and beyond) that the government does not—importantly, those flowing from the private, class action nature of this case, including the assertion of damages classes under Rule 23(b)(3). Class Plaintiffs must participate in discovery to adequately prepare *their* case. Every day that passes increases the "substantial risk of unfairness" faced by Class Plaintiffs, providing "good cause" to modify the current CMO. *Furry Puppet Studio, Inc. v. Fall Out Boy*, No. 19-cv-2345, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (quoting 3 J. Moore, Moore's Federal Practice § 16.14[1][b] (3d ed. 2019)).

By contrast, Visa will not suffer meaningful prejudice from the schedule modification. *See Rodriguez v. Athenium House Corp.*, No. 11-cv-5534, 2012 WL 2161284, at *2 (S.D.N.Y. June 14, 2012) (listing prejudice as a factor courts may consider). There are numerous overlapping witnesses and issues between the cases, and many aspects of the proposed amendments to the Case Management Plan simply require Class Plaintiffs receive what the DOJ received and, in that respect, do not obligate Visa to do anything more. The third-party discovery Class Plaintiffs have

---

53 ¶¶ 187-190 (cardholders). This scope of discovery is consistent with Judge Margot Brodie's recent denial of Visa's motion to enforce a different settlement agreement in the Eastern District of New York, *In re Payment Card Interchange Fee & Merch. Disc. Litig.*, No. 05-md-1720, ECF 9647 (Aug. 20, 2025), which "resolved" the motion to enforce within the meaning of this case's CMO, Class Case ECF 137 ¶ 2. Should there be a significant gap between discovery already taken in the Government Case and the discovery necessary to adequately support the classes' claims, Class Plaintiffs reserve the right to move to modify the currently governing deadlines in paragraph 15 of the CMO.

promptly sought, moreover, has already been produced in the Government Case and thus already is available to Visa to build its defense in *this case* and the DOJ's case—an accumulating prejudice *to Class Plaintiffs*. And Class Plaintiffs have structured the Second Amended Case Management Plan to respect the agreed-upon rights of third parties to obtain notice and an opportunity to object to production of documents in this case.

Modification also is necessary to ensure the continued efficient and effective coordination of this litigation. *See, e.g.*, Class Case, ECF 102, at 2 (noting that the parties have demonstrated cooperation across the cases). Courts possess the "inherent power and responsibility . . . to manage their dockets so as to achieve the orderly and expeditious disposition of cases." *Maye v. City of New Haven*, 89 F.4th 403, 408 (2d Cir. 2023) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013)). Under the current CMO, though, the cases are inevitably diverging. For instance, Class Plaintiffs' lack of access to party and third-party documents and data produced in the Government Case compromises their ability to prepare for depositions on the same timeline as Visa and the DOJ. The DOJ is statutorily entitled to have its case heard and determined "as soon as may be." 15 U.S.C. § 4; *see United States v. Agri Stats, Inc.*, No. 23-cv-3009, 2024 WL 3061570, at *5 (D. Minn. May 17, 2024) (recognizing the special status of government cases under Sherman Act section four). Thus, the DOJ cannot be forced to wait for Class Plaintiffs to catch up, and excluding Class Plaintiffs from participating in depositions will likely require the same witnesses to be deposed a second time later in the case. *See DMJ Assocs., L.L.C. v. Capasso*, 228 F. Supp. 2d 223, 233 & n.16 (E.D.N.Y. 2002) (altering a two-phase discovery plan because "circumstances ha[d] changed" over time such that opening discovery would "increase the efficiency of the discovery process" and avoid multiple depositions of the same witness). Analogous concerns exist for interrogatories and subpoenas, among other aspects of discovery. Precisely to avoid these types of predictable problems, various courts have modified scheduling orders like this one "to better align and coordinate" multiple cases. *Andino v. Apple Inc.*, No. 2:20-cv-1628, 2024 WL 200997, at *1 (E.D. Cal. Jan. 17, 2024); *see City of Torrance v. Hi-Shear Corp.*, No. 2:17-cv-7732, 2024 WL 4738206, at *5 (C.D. Cal. Sept. 4, 2024) (similar). This Court should do the same.

Class Plaintiffs move now so that the Court may "evaluate the circumstances, minimize delay, avoid prejudice, and coordinate with all the other moving parts of this complex litigation." *In re Platinum-Beechwood Litig.*, 393 F. Supp. 3d 401, 403 (S.D.N.Y. 2019), *vacated on reconsideration on other grounds*, No. 18-cv-6658, 2019 WL 5203745 (S.D.N.Y. Sept. 16, 2019). If Class Plaintiffs remain unable to participate in discovery, they likely will have to move to vacate the existing deadlines because these deadlines "cannot reasonably be met despite [Class Plaintiffs'] diligence." *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, No. 07-cv-8171, 2008 WL 4580024, at *2 (S.D.N.Y. Oct. 15, 2008). These reasons provide ample "good cause" for the proposed scheduling modification. *Id.*

Counsel appreciate the Court's time and attention to this matter and are available to answer any questions.

Respectfully,

*/s/ Brent W. Johnson*

3

Brent W. Johnson (Attorney Bar Code 4955745)
Benjamin D. Brown (*pro hac vice*)
Daniel McCuaig (*pro hac vice*)
Zachary Krowitz (*pro hac vice*)
Alex Bodaken (Attorney Bar Code 5937255)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
bjohnson@cohenmilstein.com
bbrown@cohenmilstein.com
dmccuaig@cohenmilstein.com
zkrowitz@cohenmilstein.com
abodaken@cohenmilstein.com

Manuel J. Dominguez (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Blvd. ● Suite 200
Palm Beach Gardens, FL 33410
(561) 515-2604
jdominguez@cohenmilstein.com

*/s/ Daniel P. Weick*
Scott Martin
Daniel P. Weick
**HAUSFELD LLP**
33 Whitehall Street 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com
dweick@hausfeld.com

Brian A. Ratner (*pro hac vice*)
Jane Shin (*pro hac vice*)
Camila Ringeling (*pro hac vice*)
**HAUSFELD LLP**
888 16th Street, NW Suite 300
Tel: (202) 540-7200
Fax: (202) 540-7201
bratner@hausfeld.com
jshin@hausfeld.com
cringeling@hausfeld.com

4

Christopher L. Lebsock (*pro hac vice*)
**HAUSFELD LLP**
600 Montgomery Street
Suite 3200
San Francisco, CA 94111 Tel: (415) 633-1908
Fax: (415) 633-4980
clebsock@hausfeld.com

*Co-Lead Counsel for Fee-Payor Plaintiffs and the Proposed Class*

*/s/ Christoper J. Cormier*
Christopher J. Cormier (*pro hac vice*)
Matt Strauser (*pro hac vice*)
Ian Baize (*pro hac vice*)
**BURNS CHAREST LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 577-3977
ccormier@burnscharest.com
mstrauser@burnscharest.com
ibaize@burnscharest.com

Matthew Tripolitsiotis (Attorney Bar Code MT9413)
**BURNS CHAREST LLP**
757 Third Ave., 20th Floor
New York, NY 10017
Tel: (469) 895-5269
mtripolitsiotis@burnscharest.com

Warren T. Burns (*pro hac vice forthcoming*)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550
wburns@burnscharest.com

*/s/ Adam J. Zapala*
Joseph W. Cotchett
Brian Danitz
Adam J. Zapala (*pro hac vice*)
Gia Jung (*pro hac vice forthcoming*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010

5

Telephone: (650) 697-6000
Facsimile: (650) 697-0577
40 Worth Street
Suite 602
New York, NY 10013
Telephone: (212) 381-6373
Facsimile: (917) 398-7753
jcotchett@cpmlegal.com
bdanitz@cpmlegal.com
azapala@cpmlegal.com
gjung@cpmlegal.com

*Executive Committee Counsel for Fee-Payor Plaintiffs and the Proposed Class*

Joshua H. Grabar, Esq.
**Grabar Law Office**
One Liberty Place 1650 Market Street
Suite 3600
Philadelphia, PA 19103
Tel: 267-507-6085
Cell: 215-840-7112
jgrabar@grabarlaw.com

*Additional Counsel for Fee-Payor Plaintiffs and the Proposed Class*

*/s/ Richard M. Paul III*
Richard M. Paul III *(pro hac vice)*
Mary Jane Fait (Attorney Bar Code 1669019)
Laura C. Fellows *(pro hac vice)*
David W. Bodenheimer *(pro hac vice)*
**PAUL LLP**
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Rick@PaulLLP.com
MaryJane@PaulLLP.com
Laura@PaulLLP.com
David@PaulLLP.com

*/s/ Joseph R. Saveri*
Joseph R. Saveri *(pro hac vice)*
Cadio Zirpoli *(pro hac vice)*
David H. Seidel *(pro hac vice)*
T. Brent Jordan *(pro hac vice)*

6

**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Fransico, California 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
dseidel@saverilawfirm.com
tbjordan@saverilawfirm.com

Christopher J. Hydal (Attorney Bar Code 5670492)
**JOSEPH SAVERI LAW FIRM, LLP**
40 Worth Street, Suite 602
New York, New York 10013
Telephone: (646) 527-7310
chydal@saverilawfirm.com

*/s/ Jason S. Hartley*
Jason S. Hartley
Jason M. Lindner
**HARTLEY LLP**
101 W. Broadway, Suite 820
San Diego, California 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com

*Co-Lead Counsel for Cardholder Plaintiffs and the Proposed Class*