# Arnold & Porter

**Anne P. Davis**
+1 202.942.6197 Direct
Anne.Davis@arnoldporter.com

September 19, 2025

**BY ECF**

The Honorable John G. Koeltl
United States District Court for the Southern District of New York
500 Pearl St.
New York, NY  10007-1312

   Re: *United States v. Visa Inc.*, 1:24-cv-7435-JGK – Visa Inc.'s Opposition

Dear Judge Koeltl:

On behalf of Defendant Visa Inc. ("Visa"), we submit this letter in opposition to Plaintiffs' motion to modify the scheduling order.  ECF 149.

The Court's CMO adopted the parties' agreement to conduct discovery in two phases to account for Visa's motions to dismiss in these cases and also to coordinate with the Government's related case to the extent feasible.  *See* Case Management Order (ECF 98 ¶ 9; Proposed Amended CMO ECF 137 ¶ 9).  The parties are in the first phase of discovery now while Visa's motions to dismiss remain pending.  As part of that discovery, Plaintiffs in the private actions have received more than 1.5 million Visa documents, deposition transcripts, and substantial transactional data—far more than most plaintiffs receive prior to resolution of a motion to dismiss.  The second phase would begin following this Court's decisions on Visa's motions to dismiss and would encompass both third-party and additional party discovery.  *Id.*

Plaintiffs now seek to change the CMO and start phase two discovery immediately. Plaintiffs' asserted justification for upending the parties' prior agreement – that they need full-blown discovery now to ensure continued coordination of discovery and deadlines between the private and Government cases – is misplaced.  Plaintiffs fail to demonstrate good cause to modify the CMO to which they previously stipulated.

## I. The Agreed Partial Stay of Discovery Pending Motions to Dismiss Remains Appropriate and Plaintiffs' Arguments for Upending it Are Wrong

Plaintiffs previously agreed to partially stay discovery pending Visa's motions to dismiss, subject to their receipt of 1.5 million Visa documents as well as reams of deposition testimony and transactional data.  That approach was reasonable, as courts regularly stay discovery when, like here, motions to dismiss remain pending, the stay is expected to be short, and the stay will not result in prejudice.  *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).  Plaintiffs unreasonably suggest that they should be placed on the same footing as the Government even though the Government has been investigating the conduct challenged in this case for several years and is appropriately at a different stage of the proceedings than Plaintiffs.

US 254823567

September 19, 2025
Page 2

Visa seeks dismissal of the private complaints on substantial grounds (*Illinois Brick* and *AGC* standing) independent of the arguments addressed by the Court in ruling on Visa's motion to dismiss in the Government case. Dismissal on any of these grounds would end Plaintiffs' cases, and discovery should remain partially stayed until those issues are resolved.

**Opening full discovery in these cases would create substantial burdens for non-parties, the parties, and the Court**. While Visa agrees that discovery should be coordinated between the private and Government cases to the extent necessary, efficient, and feasible (particularly to avoid duplicative depositions of witnesses), the benefits of coordination do not override other concerns raised by Plaintiffs' request. Plaintiffs seek to require Visa to re-produce materials that third parties have produced to DOJ and Visa and designated as Highly Confidential under the Court's protective order (ECF 84). In the Government case, both Visa and major third-party industry participants are producing documents that go to the heart of their current and future competitive strategies. Because of the competitively sensitive nature of this information, multiple third parties have expressed concerns about their documents being provided to Plaintiffs, and some third parties have informed Visa's counsel that they likely will object to re-production to private Plaintiffs, which may lead to burdensome motions practice. Private Plaintiffs' counsel should not be given access to such Highly Confidential and proprietary business information when it remains in dispute whether their pleadings even state a claim upon which relief may be granted. Moreover, neither Visa nor the Court should devote resources to the burdensome process of notice, negotiation, and potential motions before determining whether Plaintiffs' cases may proceed.[1]

**Modification of the CMO is at best premature**. Party discovery in the Government's related case is in a nascent stage (the parties are still meeting and conferring regarding the scope of document requests). And, while third parties have started rolling productions of documents, neither Visa nor the Government has noticed a single third-party deposition. The posture of this case is therefore far different from those cited in Plaintiffs' letter. *See e.g., DMJ Assocs., L.L.C. v. Capasso*, 228 F. Supp. 2d 223, 233 (E.D.N.Y. 2002) (modifying schedule to start phase two discovery after more than two years of phase one discovery and changed circumstances). Moreover, as Plaintiffs conceded, the Government is prosecuting its case diligently and pursuing the same merits-based discovery private Plaintiffs seek. Thus, private Plaintiffs will be better positioned on discovery than most plaintiffs should any of their claims survive. Accordingly, while Visa does not think that the partial stay of discovery should be lifted until the motions to dismiss are resolved, at a

---

[1] In fact, private Plaintiffs' Proposed Second Amended CMO would deny to third parties the notice and objection procedures contained in the parties' recently agreed-to ESI Protocol. These procedures were specifically crafted to accommodate the concerns of third-parties. ECF 141 § VIII.2 & 3. The ESI Protocol requires Visa, within five days of a motion to dismiss decision, to provide notice to third parties that the second phase of discovery is beginning, grants third parties 10 business days to raise objections, and provides third parties one week following the objection period to move for a protective order. *Id.* Private Plaintiffs now seek to jettison this well-calibrated framework upon which third parties have relied. They instead would provide merely that Visa produce all materials within 14 days of entry of the proposed modified CMO subject only to the 10 business day objection period. ECF 150-1 at 8.

US 254823567

September 19, 2025
Page 3

minimum, Plaintiffs' request is premature.

**Plaintiffs have rejected Visa's offers at compromise**.  Plaintiffs indicated to Visa during the parties' meet-and-confers that they were most concerned about having data in sufficient time for their economists to prepare expert reports.  Visa offered to provide Plaintiffs with voluminous data productions to the Government while its motions to dismiss remain pending.  Plaintiffs rejected that offer.  But Visa's offer remains open.  Further, these data productions would be in addition to the voluminous materials Visa has already produced, as described above.

## II.    The Stay of Released Card-Acceptor Claims Should Remain in Place Pending Appellate Resolution of the Dispute Over the Release

At the outset of this case, Visa raised a problem created by certain card-acceptor Plaintiffs asserting claims in this litigation that violate a Rule 23(b)(3) class settlement release and final judgment entered in MDL 1720 (*In re Payment Card Interchange Fee and Merchant Discount Litigation*, E.D.N.Y).  *See* ECF No. 98 at 3-4.  Under the MDL 1720 Settlement Agreement, Visa was and continues to be entitled to an immediate stay of those claims pending resolution of its motion in MDL 1720 to enforce the settlement agreement until "no further judicial review of [the MDL court's order on that motion] is possible."  *Id*. at 4 (quoting ¶¶ 67-68 of MDL 1720 Settlement Agreement); *see also* Final Judgment ¶ 20.[2]  Accordingly, on consent of the parties, the Court stayed litigation of the claims Visa believes have been released, including "all claims asserted by or on behalf of entities that accepted Visa- or Mastercard-branded cards from January 1, 2004 to January 25, 2019."  ECF 110 at 2-3 (emphasis added).

On August 20, 2025, the MDL 1720 Court denied Visa's motion to enforce the MDL 1720 Settlement agreement. Visa immediately filed a Notice of Appeal of that order, which is subject to appeal as an order refusing an injunction.  *See* 28 U.S.C. § 1292(a)(1); ECF 147 (notifying this Court of these developments).  Because further judicial review of the MDL Court's decision is underway, Visa is entitled to a continued stay of the released claims under the terms of the Final Judgment, as Visa discussed with private Plaintiffs during our meet and confers.

In a footnote, Plaintiffs define the "full discovery" they now seek to include discovery as to the released claims subject to the pending appeal.  ECF 149 at 1 n.3.  The Court should deny Plaintiffs' request to lift the stay as to released claims pursuant to the terms of the Settlement Agreement, Final Approval Order and the Court's inherent discretion.  Not only would lifting the stay expand discovery, but would do so before the stayed claims have even been tested by a motion to dismiss those claims, which Visa would now need to consider filing.

Thank you for your consideration, and we stand ready to address any questions the Court may have.

---

[2] *See* Final Approval Order, ECF No. 7818 ¶ 20, *In re Payment Card*, No. 05-MD-1720 (E.D.N.Y.).

US 254823567

September 19, 2025
Page 4

Respectfully submitted,

/s/ *Anne P. Davis*

Anne P. Davis

Copies to all counsel of record by ECF