September 29, 2025

**<u>VIA ECF</u>**

Honorable John G. Koeltl
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

> Re:    *In re: Visa Debit Card Antitrust Litig.*, No. 1:24-cv-7435 (JGK)
>        Reply in Support of Motion to Modify Scheduling Order

Dear Judge Koeltl:

Pursuant to this Court's September 24, 2025 order, ECF 157, Plaintiffs file this reply letter in further support of their motion to modify the case management order ("CMO") in the above-captioned case. *See* ECF 149 (the motion, or "Mot."); ECF 154 (Visa's opposition, or "Opp.").

This Court has scheduled oral argument on October 7, 2025 regarding this motion and Visa's pending motions to dismiss. ECF 151, 153. Should the Court deny the motions to dismiss, discovery would open and this motion would become moot. *See* ECF 137 ¶ 9 (discovery begins in full after "the Court's decision on Visa's motions to dismiss"). The parties' related dispute regarding the scope of fee-payor discovery, described below, though, would remain.

Should the Court resolve this motion before the motions to dismiss, the CMO should be modified. The CMO calls for Plaintiffs to complete voluminous fact discovery, serve expert reports, and brief class certification in approximately seven months, ECF 137 ¶ 14, yet Plaintiffs are barred from taking the discovery needed to carry their burdens on either class certification or the merits. Plaintiffs filed their motion to avoid delay in raising discovery issues and with an understanding that the movant's diligence is the primary determinant of whether good cause exists to modify a schedule. Mot. at 2; *see Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024).[1]

Plaintiffs' concerns are particularly stark given Judge Brodie's denial of Visa's motion to enforce a release against a large part of the fee-payor class here. *See In re Payment Card Interchange Fee & Merch. Disc. Litig.* ("MDL 1720"), No. 05-md-1720, ECF 9647 (Aug. 20, 2025). Judge Brodie's ruling clarifies that the release in the interchange litigation does not affect the start of the fee-payor class period in this case. *See* ECF 38 ¶ 236 (class period runs from January 1, 2012 through the present). When full discovery opens, therefore, fee-payor plaintiffs and Visa are entitled to take discovery relevant to the entire class period.

Visa now argues the fee-payor claims subject to its motion to enforce should remain stayed while it appeals Judge Brodie's decision. Opp. at 3. But it is hard to square that interpretation of

---

[1] Plaintiffs will comply with the notice and objection procedures contained in the parties' agreed-to ESI Protocol. *See* Opp. at 2 n.1. To the extent that modifications to Plaintiffs' proposed modified CMO are necessary to conform with the ESI Protocol, Plaintiffs will consent to them.

"resolved in time for the parties to complete fact discovery and engage in expert discovery," ECF 137 ¶ 2,[2] with Visa's representations that it hoped (and still hopes) to coordinate discovery between the Government's related case and this one. *See, e.g.*, Opp. at 2. It was *never* realistic for Judge Brodie to decide Visa's motion to enforce, the losing party to appeal, and the Second Circuit to resolve that appeal on a timeline allowing discovery coordination before the CMO's deadlines.

To that end, Visa's bifurcated discovery plan is impractical. Under its proposal, to prepare for class certification and expert reports, fee-payor plaintiffs and Visa would exchange discovery, including data, only for the narrowed class of merchants who began accepting Visa debit cards after January 25, 2019. *See* Opp. at 3. Then, likely after class certification motions, supported by expert reports, for that narrowed class are filed (and perhaps decided), the Second Circuit would issue its opinion and—if it affirms Judge Brodie's decision—confirm the fee-payor class's broader scope.[3] Given that fee-payor plaintiffs would be barred from taking discovery regarding the broader class pending that decision, they could potentially agree to such a plan only if Visa consented to an after-affirmance expansion of any certified class to encompass the broader class. Otherwise, discovery of the broader class and then a new round of class certification briefing and expert reports would have to begin anew at that late stage.

Plaintiffs propose a much less fraught alternative whereby fee-payor plaintiffs and Visa would exchange discovery regarding the entire class as pleaded and fee-payor plaintiffs would move to certify that class. Should the Second Circuit unexpectedly reverse Judge Brodie's decision, the Court could revisit any order granting or denying class certification of that class, likely without needing any additional discovery. Moreover, Visa has not sought to stay the cardholder class that includes the same class period; thus, Visa will need to provide discovery for the broader class period *anyway. See* ECF 53 ¶¶ 187–190.[4]

The Court has the "inherent power and responsibility" to manage its docket "so as to achieve the orderly and expeditious disposition of cases." *Maye v. City of New Haven*, 89 F.4th 403, 408 (2d Cir. 2023) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013)). Visa's proposal cannot be squared with the federal rules' primary instruction that parties and the Court should aim for the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. That is particularly so because, given Judge Brodie's intimate familiarity with all aspects of the MDL 1720 settlement, the Second Circuit is unlikely to disturb her thorough, well-reasoned decision. Whether this Court denies Visa's motions to dismiss or grants Plaintiffs' motion to modify the schedule, therefore, it should remove the partial stay on the claims of the fee-payor class.

---

[2] Moreover, Visa may take the position that the relevant claims must remain stayed in the event of a motion for en banc rehearing or a petition for certiorari following an affirmance by the Second Circuit panel. *See* Opp. at 3 (citing "further judicial review" as justification for the stay).

[3] Visa's opening brief on appeal is due November 18, 2025. *In Re: Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 25-2073, ECF 22 (Sep. 22, 2025). The full briefing schedule will stretch into 2026.

[4] The parties' disagreement regarding the class scope made it impossible for Plaintiffs to delay filing this motion in exchange for receiving the data that Visa has provided to the Government. *See* Opp. at 3. That data, which Plaintiffs understand goes no earlier than October 2021 and does not include data from acquirers or other third parties, is insufficient for Plaintiffs to adequately prepare their expert reports.

Respectfully,


*/s/ Brent W. Johnson*
Brent W. Johnson (Attorney Bar Code 4955745)
Benjamin D. Brown (*pro hac vice*)
Daniel McCuaig (*pro hac vice*)
Zachary Krowitz (*pro hac vice*)
Alex Bodaken (Attorney Bar Code 5937255)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
bjohnson@cohenmilstein.com
bbrown@cohenmilstein.com
dmccuaig@cohenmilstein.com
zkrowitz@cohenmilstein.com
abodaken@cohenmilstein.com


Manuel J. Dominguez (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Blvd. ● Suite 200
Palm Beach Gardens, FL 33410
(561) 515-2604
jdominguez@cohenmilstein.com


*/s/ Daniel P. Weick*
Scott Martin
Daniel P. Weick
**HAUSFELD LLP**
33 Whitehall Street 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com
dweick@hausfeld.com


Brian A. Ratner (*pro hac vice*)
Jane Shin (*pro hac vice*)
Camila Ringeling (*pro hac vice*)
**HAUSFELD LLP**
888 16th Street, NW Suite 300
Tel: (202) 540-7200

3

Fax: (202) 540-7201
bratner@hausfeld.com
jshin@hausfeld.com
cringeling@hausfeld.com

Christopher L. Lebsock (*pro hac vice*)
**HAUSFELD LLP**
600 Montgomery Street
Suite 3200
San Francisco, CA 94111 Tel: (415) 633-1908
Fax: (415) 633-4980
clebsock@hausfeld.com

*Co-Lead Counsel for Fee-Payor Plaintiffs and the Proposed Class*

*/s/ Christoper J. Cormier*
Christopher J. Cormier (*pro hac vice*)
Matt Strauser (*pro hac vice*)
Ian Baize (*pro hac vice*)
**BURNS CHAREST LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 577-3977
ccormier@burnscharest.com
mstrauser@burnscharest.com
ibaize@burnscharest.com

Matthew Tripolitsiotis (Attorney Bar Code MT9413)
**BURNS CHAREST LLP**
757 Third Ave., 20th Floor
New York, NY 10017
Tel: (469) 895-5269
mtripolitsiotis@burnscharest.com

Warren T. Burns (*pro hac vice forthcoming*)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550
wburns@burnscharest.com

*/s/ Adam J. Zapala*
Joseph W. Cotchett
Brian Danitz

4

Adam J. Zapala (*pro hac vice*)
Gia Jung (*pro hac vice forthcoming*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
40 Worth Street
Suite 602
New York, NY 10013
Telephone: (212) 381-6373
Facsimile: (917) 398-7753
jcotchett@cpmlegal.com
bdanitz@cpmlegal.com
azapala@cpmlegal.com
gjung@cpmlegal.com

*Executive Committee Counsel for Fee-Payor
Plaintiffs and the Proposed Class*

Joshua H. Grabar, Esq.
**Grabar Law Office**
One Liberty Place 1650 Market Street
Suite 3600
Philadelphia, PA 19103
Tel: 267-507-6085
Cell: 215-840-7112
jgrabar@grabarlaw.com

*Additional Counsel for Fee-Payor Plaintiffs and
the Proposed Class*

/s/ Richard M. Paul III
Richard M. Paul III *(pro hac vice)*
Mary Jane Fait (Attorney Bar Code 1669019)
Laura C. Fellows *(pro hac vice)*
David W. Bodenheimer *(pro hac vice)*
**PAUL LLP**
600 Broadway Boulevard, Suite 600
Kansas City, Missouri 64105
Telephone: (816) 984-8100
Rick@PaulLLP.com
MaryJane@PaulLLP.com
Laura@PaulLLP.com
David@PaulLLP.com

5

*/s/ Joseph R. Saveri*
Joseph R. Saveri *(pro hac vice)*
Cadio Zirpoli *(pro hac vice)*
David H. Seidel *(pro hac vice)*
T. Brent Jordan (*pro hac vice*)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Fransico, California 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
dseidel@saverilawfirm.com
tbjordan@saverilawfirm.com

Christopher J. Hydal (Attorney Bar Code 5670492)
**JOSEPH SAVERI LAW FIRM, LLP**
40 Worth Street, Suite 602
New York, New York 10013
Telephone: (646) 527-7310
chydal@saverilawfirm.com

*/s/ Jason S. Hartley*
Jason S. Hartley
Jason M. Lindner
**HARTLEY LLP**
101 W. Broadway, Suite 820
San Diego, California 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com

*Co-Lead Counsel for Cardholder Plaintiffs and the
Proposed Class*

6