**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: VISA DEBIT CARD ANTITRUST LITIGATION | Case No. 1:24-cv-07435-JGK-SLC |

## CLASS PLAINTIFFS' AND VISA'S JOINT AMENDED RULE 26(f) REPORT AND [PROPOSED] SCHEDULING AND CASE MANAGEMENT ORDER

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), counsel for Merchant and Cardholder Plaintiffs (together, "Class Plaintiffs") and defendant Visa Inc. ("Visa") (together, the "Parties," and individually a "Party"), have met and conferred on the topics outlined in this Joint Amended Rule 26(f) Report and Proposed Case Management Order, which supersedes the Class Plaintiffs' and Visa's Joint Rule 26(f) Report and Case Management Plan of January 28, 2025, ECF No. 98 and the Proposed Class Plaintiffs' and Visa's Joint Rule 26(f) Report and Amended Case Management Plan of June 3, 2025, ECF No. 137.

1. **Nature of Claims and Defenses.** The Parties previously set forth their respective statements on the nature of the claims and defenses in this matter in the January 28, 2025 Scheduling Order, ECF No. 98.

2. **Initial Disclosures.** The Parties exchanged the initial disclosures required under FRCP 26(a)(1) on February 21, 2025. Merchants and Cardholders served amended initial disclosures on March 6, 2025.

3. **Consent to Proceed before a Magistrate Judge.** The Parties do not consent to trial being conducted by a Magistrate Judge.

4.  **Alternative Dispute Resolution.** Pursuant to Local Rule 83.9(d), the Parties have considered the use of alternative dispute resolution, but at this time do not believe that mediation or a judicial settlement conference would facilitate the resolution of this matter.

5.  **Protective Order.** The Parties agreed on the terms of an Amended Stipulated Protective Order ("Protective Order"), which the Court entered on June 4, 2025, ECF No. 142.

6.  **Preservation and Production of Electronically Stored Information ("ESI").** The Parties entered into a stipulated order governing ESI discovery, which was entered by the Court on June 4, 2025, ECF No. 141. No deadline in this order shall override any deadline set forth in the Protective Order or ESI Order.

7.  **Phases of Discovery.** To ensure a more trial-ready and efficient case, the Parties agreed to conduct discovery in this case in two phases:

    a.  *Phase I:* The first phase of discovery focused on certain limited party discovery and commenced on May 22, 2025, and continued until the Court's ruling on Visa's motions to dismiss on October 28, 2025.

    b.  *Phase II:* The second phase of discovery began immediately following the Court's decision on Visa's motion to dismiss. The second phase encompasses third-party discovery, as well as additional Party discovery, as agreed upon in the below Case Schedule.

    c.  Furthermore, the Parties recognize the efficiencies of coordinating discovery with the related government action, *United States v. Visa Inc.*, 1:24-cv-72147214-JGK (S.D.N.Y) (the "Government Action") and, to that end, are separately negotiating a proposed Deposition Protocol and Coordination Order that the Parties intend to file with the Court by January

2

16, 2026, or within two weeks of the Court entering an amended scheduling order, whichever is later.

8. **Case Schedule**. The parties propose the following schedule.

### Visa's Position:

### Schedule as to Fact Discovery, Expert Discovery, Class Certification and *Daubert* as to Class Experts

Visa and Class Plaintiffs negotiated the below schedule and reached agreement (subject to footnote 4) on the deadlines for Fact Discovery, Expert Discovery, Class Certification and *Daubert* motions as to Class experts; provided that the Court orders a Close of Fact Discovery deadline of November 13, 2026 in *both* the Government Action and Private Actions. As set forth in Visa's position statement in the Government Action CMO, it is critical to coordinate fact discovery between the Government and Private Actions for the efficiency of the parties and convenience of witnesses. With this goal in mind and to avoid subjecting Visa's witnesses to duplicative depositions, Visa produced more than 1.5 million documents to Class Plaintiffs while their cases were subject to Visa's motions to dismiss. Further, as soon as Phase 2 discovery began in the Private Actions, Visa began reproducing Visa and third party document productions from the Government Action to counsel for Private Plaintiffs (subject to the Court's orders concerning notice and objections for third parties). Visa has also copied counsel for Class Plaintiffs on negotiation correspondence with the Government to facilitate efficient coordination as to the scope of discovery to be produced by Visa.

Given that Phase 2 discovery in the Private Actions only started last month, and in light of the scope of discovery anticipated by the parties, Visa and Class Plaintiffs agreed that November 13, 2026 is the most appropriate deadline for fact discovery. However, because the Government refused to agree to that deadline and neither the Government nor Private Plaintiffs will commit to coordinating depositions of witnesses without the same fact discovery deadline across these matters, Visa urges the Court to adopt the compromise proposal of October 16, 2026, which all parties in the Private Actions indicated would be feasible. All parties in the Private Actions were working towards that compromise date when the Government conditioned acceptance on that date on Visa immediately accepting unreasonable discovery demands without further ongoing and good faith negotiations.

If the Court sets October 16, 2026 as a close of fact discovery deadline instead of November 13, 2026, Visa and Class Plaintiffs will work to promptly adjust the below proposed schedule to key off of whatever fact discovery deadline the Court sets—using the time intervals reflected in the below schedule.

### Class Plaintiffs' Position:

Class Plaintiffs would accept October 16, 2026 as the close of fact discovery as part of a compromise across both the Government and private cases, and would work promptly with Visa to adjust the schedule proposed below to account for that date, but prefer November 13, 2026.

### Agreed Upon Schedule by Class Plaintiffs and Visa

| Event | Date[1] |
|---|---|
| Time period to resolve disputes regarding scope, custodians, and search terms as to custodial documents to be produced by Visa; Deadline to file (if necessary) joint letter requesting pre-motion conference concerning the scope of Visa's custodial document productions | January 30, 2026 |
| Time period to resolve all other disputes regarding scope, custodians, and search terms as to the production of documents by Visa and Class Plaintiffs; deadline to file (if necessary) joint letter requesting pre-motion conference on such issues | February 13, 2026 |
| Deadline to amend complaints to add parties | February 27, 2026 |
| Visa's deadline to answer:[2] <br> • Cardholder complaint <br> • Merchant complaint | • March 13, 2026 <br> • March 20, 2026 |
| Interim Fact Discovery Deadlines[3] <br> • Visa to produce Clearing & Settlement debit data requested in government case from October 2021 through end of September 2025 | March 27, 2026 |
| • Visa to complete production of Active Cards, Fraud, and Authorization debit data requested in government's case from October 2021 through end of September 2025 | June 30, 2026 |

---

[1] Unless otherwise specified, days will be computed according to FRCP 6(a).

[2] The parties jointly propose that Visa's previous deadlines to answer plaintiffs' complaints be vacated. *See* ECF 173.

[3] Interim discovery deadlines may be extended by written consent of the Parties without application to the Court, provided that all fact discovery is completed by the deadline set by the Court for the Close of Fact Discovery.

4

| Event | Date[1] |
|---|---|
| • Substantial completion of document production in response to discovery served on or before December 31, 2025<br>• Visa will use good faith efforts to complete data production in response to discovery served on or before December 31, 2025 | June 30, 2026 |
| Close of Fact Discovery | ~~November 13, 2026~~[4] October 16, 2026 |
| Plaintiffs to serve initial class and merits expert report(s) | January 22, 2027[5] |
| Defendant to serve rebuttal class and merits expert report(s) | April 30, 2027 |
| Plaintiffs to complete depositions of Visa's expert witnesses and serve reply class and merits expert report(s) | July 30, 2027 |
| Visa to complete depositions of Plaintiffs' Class and Merits experts (i.e., Close of Expert Discovery) | September 17, 2027 |
| Class Certification Motions | October 1, 2027 |
| Opposition to Plaintiffs' Motions for Class Certification; *Daubert* motion(s) relating to class experts[6] | November 15, 2027 |
| Class Certification Replies, and Opposition(s) to *Daubert* motion(s) | December 22, 2027 |
| Replies in support of *Daubert* motion(s) | January 24, 2028 |

---

[4] As set forth above, Visa urges the Court to adopt October 16, 2026 across all cases.

[5] If the Second Circuit has not yet ruled on Visa's appeal from the denial of Visa's motion to enforce the MDL 1720 Rule 23(b)(3) Class Settlement Release against members of the putative *Visa Debit* Merchant class by November 13, 2026, merchants and Visa take the position that this event should be stayed until 60 days after such a ruling and all subsequent events should move accordingly. The outcome of Visa's appeal to the Second Circuit (*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, Appeal Docket No. 25-2073) may significantly affect issues relevant to expert discovery and class certification, including the scope of the putative Merchant class. Cardholder Plaintiffs' position is that this Court need not holdup the schedule based on the pendency of Visa's appeal of Judge Brodie's order denying Visa's motion to enforce settlement in another action. Cardholders note neither Visa nor the Merchants have sought to expedite the appeal or to stay these proceedings. Like the Department of Justice, the Cardholders are not a party to that litigation and have no interest in its outcome, including any appeal from any of the orders. However, the parties agree that this potential dispute is not yet ripe.

[6] All parties agree that any expert shall be subject to only one *Daubert* motion.

5

| Event | Date[1] |
|---|---|
| Hearing on Class Certification | To be set by Court |

### Schedule as to Summary Judgment and Trial

The parties are unable to agree as to whether it is appropriate to schedule summary judgment and a "trial ready" deadline at this time, and if so, what those deadlines should be. Their positions are set forth below:

**Visa's Position**: Visa does not believe the parties need to schedule summary judgment at this time. If, however, the Court would like to set that schedule, then Visa proposes that the schedule be keyed off of a ruling on class certification.[7]

**Cardholder's Position**: Cardholders believe this Court need not delay setting a schedule that provides the Court and the parties certainty and a clear path to resolution, including a trial date.

| Event | Cardholders' Proposal | Merchants' Proposal[8] | Visa's Proposal |
|---|---|---|---|
| Motions for summary judgment | June 9, 2028 | No position | 60 days after the Court rules on class certification |

---

[7] Visa proposes that the deadlines for summary judgment briefing be keyed off of the Court's ruling as to class certification. Merchants do not object, but Cardholders propose to set dates certain for summary judgment briefing without regard to whether the Court has ruled on class certification. Cardholders' proposal raises concerns about "one-way intervention," *i.e.*, the prospect that if merits issues are addressed before class certification, absent class members would base their decisions whether to opt out on the merits. Few if any class members would opt out if plaintiffs prevail, while most or all would opt out (and thus would not be bound) if Visa prevails – a fundamentally unjust outcome and abuse of the class action mechanism. *See, e.g., Brecher v. Republic of Argentina*, 806 F.3d 22, 26 (2d Cir. 2015); *Cuzco v. Orion Builders, Inc.*, 262 F.R.D. 325, 335-36 (S.D.N.Y. 2009). Visa's proposed approach would avoid those issues by ensuring that class issues are resolved and class members have to decide whether to opt out before dispositive motions on the merits.

[8] Merchants take no position regarding whether the schedule for summary judgment should be tied to the Court's resolution of class certification, with the Court setting a trial date at a later time (as Visa proposes) or whether the summary judgment schedule and trial-ready date should be set as hard dates now (as Cardholders propose). Should the Court elect Cardholders' proposal, Merchants agree that the dates proposed by Cardholders are appropriate.

| Event | Cardholders' Proposal | Merchants' Proposal[8] | Visa's Proposal | |
|---|---|---|---|---|
| Oppositions to motions for summary judgment | August 4, 2028 | No Position | 60 days after the parties file summary judgment motions | JGK |
| Replies concerning motions for summary judgment | September 1, 2028 | No Position | 30 [20] days after the parties file summary judgment oppositions | JGK |
| Hearing on Summary Judgment | To be set by Court | To be set by Court | To be set by Court | |
| Ready for Trial | November 27, 2028 | No Position | ~~Premature~~ 60 days after a decision on motion for summary judgment | JGK |

9.   **Data Productions.** In addition to the deadlines agreed to above, the Parties continue to negotiate the specific data to be produced in this case as part of discovery, including appropriate deadlines for production. The Parties will file a status report with the Court on January 9, 2026 regarding their discussions on data (and, if appropriate, other discovery) and thereafter on the second Friday of each month until they inform the Court that data negotiations have concluded.

10.   **Timely Service of Fact Discovery and Supplemental Discovery.** All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.

11.   **Interrogatories.** Class Plaintiffs and Visa are each provided 25 interrogatories per side.

12.   **Depositions.** Pursuant to the Court's Order on January 18, 2025 (ECF No. 98), the parties agree that there will be one deposition per witness across the government case and the private cases absent a showing of good cause. Accordingly, Plaintiffs will coordinate among

7

themselves and will attempt, in good faith, to coordinate with the government prior to noticing depositions in the government's related case and this consolidated case in order to allocate time and avoid unnecessarily redundant questioning. Class Plaintiffs are provided 125 hours of deposition time. Visa agrees that the government, at its discretion, can cede some of its provided time to Class Plaintiffs. In addition, should the government have unused deposition hours that become unusable in its case because that case settles or fact discovery concludes in the government's case while fact discovery is ongoing in one or both private cases, the Plaintiffs in the private cases shall receive the remaining balance of the government's deposition hours and Visa shall receive the remaining balance (if any) of its deposition hours in the government's case.

As noted above, the Parties are separately negotiating a proposed Deposition Protocol and Coordination Order that the Parties intend to file with the Court by January 16, 2026, or within two weeks of the Court entering an amended scheduling order, whichever is later. Unless the Parties otherwise agree or the Court grants leave on a Party's motion, the Parties agree that Class Plaintiffs will coordinate to serve one notice pursuant to Rule 30(b)(6) on Visa. Class Plaintiffs will also attempt to coordinate with the United States to serve their respective Rule 30(b)(6) notices on Visa at the same time.[9] Any Rule 30(b)(6) notice may call for testimony on multiple subjects and the responding Party may designate one or more different witnesses as to each subject matter.

13.     **Evidence in Government's Related Case.** The parties agree that the evidence produced in fact discovery in the government's related case (as well as discovery produced in

---

[9] Visa's position is that the United States and Class Plaintiffs should be required to coordinate service of their respective Rule 30(b)(6) notices on Visa at the same time.

each of the putative merchant and cardholder class actions) is deemed produced, subject to providing notice and an opportunity to be heard as set forth in Paragraph 32 of the Protective Order in that case and the evidence not being excluded from the Private Plaintiff cases thereby, as if it had been produced in this consolidated case and in each of the putative merchant and cardholder class actions. For avoidance of doubt, no party is relieved of its responsibility to actually produce (or "reproduce") relevant and responsive documents because those documents have been "deemed produced" under this paragraph.

14. **Discovery Dispute Resolution.** In the event of a dispute between the Parties and/or a non-party regarding any discovery issue, the Parties (and the non-party when applicable) shall meet and confer in an attempt to resolve the dispute. In the event of a dispute during a deposition, the Parties and/or non-parties shall memorialize the dispute on the record and present the dispute to the Court by motion within 7 business days of the close of the deposition. If the Court orders a Party or non-party to provide additional testimony (i.e., overrules the objection of the Party or non-party to answering one or more particular question(s) or line(s) of questioning), the Party or non-party shall provide the witness for deposition on the testimony in question within 10 business days of the ruling.

15. **Modification of Scheduling and Case Management Order.** Any Party may seek modification of this Order for good cause.

\* \* \*

The Parties appreciate the Court's consideration of this proposed order.

Dated: December 19, 2025                             Respectfully submitted,

By: /s/ Daniel McCuaig                               /s/ Margaret A. Rogers
Daniel McCuaig (pro hac vice)                        Margaret A. Rogers
                                                     ARNOLD & PORTER KAYE SCHOLER LLP

Brent W. Johnson (Attorney Bar Code 4955745)
Benjamin D. Brown (pro hac vice)
Daniel McCuaig (pro hac vice)
Zachary Krowitz (pro hac vice)
Alex Bodaken (Attorney Bar Code 5937255)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW • Eighth Floor
Washington, DC 20005
(202) 408-4600
dmccuaig@cohenmilstein.com
bjohnson@cohenmilstein.com
bbrown@cohenmilstein.com
zkrowitz@cohenmilstein.com
abodaken@cohenmilstein.com

Manuel J. Dominguez (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
2925 PGA Blvd. • Suite 200
Palm Beach Gardens, FL 33410
(561) 515-2604
jdominguez@cohenmilstein.com

/s/ Daniel P. Weick
Daniel P. Weick
Scott Martin
Daniel P. Weick
HAUSFELD LLP
33 Whitehall Street 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com
dweick@hausfeld.com

Brian A. Ratner (pro hac vice)
Jane Shin (pro hac vice)
Camila Ringeling (pro hac vice)
HAUSFELD LLP
888 16th Street, NW Suite 300
Tel: (202) 540-7200
Fax: (202) 540-7201

250 West 55th Street
New York, New York 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-6711
Margaret.Rogers@arnoldporter.com

Anne P. Davis (admitted pro hac vice)
Matthew A. Eisenstein (admitted pro hac vice)
Robert Katerberg (admitted pro hac vice)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel. (202) 942-5000
anne.davis@arnoldporter.com
matthew.eisenstein@arnoldporter.com
robert.katerberg@arnoldporter.com

Beth Wilkinson (SBN NY 2181592)
Brian Stekloff (admitted pro hac vice)
Kieran Gostin (SBN NY 4847653)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
bstekloff@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com

*Counsel for Defendant Visa, Inc.*

bratner@hausfeld.com
jshin@hausfeld.com
cringeling@hausfeld.com

Christopher L. Lebsock (pro hac vice)
HAUSFELD LLP
600 Montgomery Street
Suite 3200
San Francisco, CA 94111 Tel: (415) 633-1908
Fax: (415) 633-4980
clebsock@hausfeld.com

*Co-Lead Counsel for Fee-Payor Plaintiffs and the Proposed Class*

*/s/ Christoper J. Cormier*
Christopher J. Cormier (pro hac vice)
Matt Strauser (pro hac vice)
Ian Baize (pro hac vice)
BURNS CHAREST LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 577-3977
ccormier@burnscharest.com
mstrauser@burnscharest.com
ibaize@burnscharest.com

Matthew Tripolitsiotis (Attorney Bar Code MT9413)
BURNS CHAREST LLP
757 Third Ave., 20th Floor
New York, NY 10017
Tel: (469) 895-5269
mtripolitsiotis@burnscharest.com

Warren T. Burns (pro hac vice forthcoming)
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550
wburns@burnscharest.com

*/s/ Adam J. Zapala*

11

Adam J. Zapala
Joseph W. Cotchett
Brian Danitz
Adam J. Zapala (pro hac vice)
Gia Jung (pro hac vice forthcoming)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
40 Worth Street
Suite 602
New York, NY 10013
Telephone: (212) 381-6373
Facsimile: (917) 398-7753
jcotchett@cpmlegal.com
bdanitz@cpmlegal.com
azapala@cpmlegal.com
gjung@cpmlegal.com

*Executive Committee Counsel for Fee-Payor Plaintiffs and the Proposed Class*

Joshua H. Grabar, Esq.
Grabar Law Office
One Liberty Place 1650 Market Street
Suite 3600
Philadelphia, PA 19103
Tel: 267-507-6085
Cell: 215-840-7112
jgrabar@grabarlaw.com

*Additional Counsel for Fee-Payor Plaintiffs and the Proposed Class*

/s/ Richard M. Paul III
Richard M. Paul III (pro hac vice)
Mary Jane Fait (Attorney Bar Code 1669019)
Laura C. Fellows (pro hac vice)
David W. Bodenheimer (pro hac vice)
PAUL LLP
600 Broadway Boulevard, Suite 600
Kansas City, Missouri 64105

12

Telephone: (816) 984-8100
Rick@PaulLLP.com
MaryJane@PaulLLP.com
Laura@PaulLLP.com
David@PaulLLP.com

/s/ *Joseph R. Saveri*
Joseph R. Saveri (pro hac vice)
Cadio Zirpoli (pro hac vice)
David H. Seidel (pro hac vice)
T. Brent Jordan (pro hac vice)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1505
San Fransico, California 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
dseidel@saverilawfirm.com
tbjordan@saverilawfirm.com

Christopher J. Hydal (Attorney Bar Code 5670492)
JOSEPH SAVERI LAW FIRM, LLP
40 Worth Street, Suite 602
New York, New York 10013
Telephone: (646) 527-7310
chydal@saverilawfirm.com

/s/ *Jason S. Hartley*
Jason S. Hartley
Jason M. Lindner
HARTLEY LLP
101 W. Broadway, Suite 820
San Diego, California 92101
Telephone: (619) 400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com

*Co-Lead Counsel for Cardholder Plaintiffs and the Proposed Class*

SO ORDERED:

1/15/26

[signature]
U.S.D.J.