This action has been referred to the undersigned for deposition scheduling disputes, and Merchant Plaintiffs' request for a pre-motion conference to address a discovery dispute concerning the subpoena (the "Subpoena") served on First Choice Merchants ("First Choice") (Dkt. No. 328 (the "Request")). (Dkt. Nos. 272; 331). To date, Merchant Plaintiffs have not filed proof of service of the Request on First Choice.

By **November 30, 2026**, Merchant Plaintiffs shall serve th Request on First Choice and file proof of service. By **December 14, 2026**, First Choice shall file a response to the Request.

SO ORDERED. November 24, 2026

SARAH L. CAVE
United States Magistrate Judge

HAUSFELD

**Daniel P. Weick**
**Partner**

33 Whitehall Street
14th Floor
New York, NY 10004

T: +1 646 357 1100
F: +1 212 202 4322
E: dweick@hausfeld.com

November 18, 2026
**VIA CM/ECF**

The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street,
Courtroom 14A New York, NY
10007

**Re: *In re: Visa Debit Card Antitrust Litigation*, No. 1:24-cv-07435-JGK-SLC (S.D.N.Y.)**

Dear Judge Koeltl:

Pursuant to Rule II.B. of Your Honor's Individual Practices and Local Civil Rule 37.2, Merchant Plaintiffs request a pre-motion conference to address a discovery dispute concerning their Rule 45 subpoena duces tecum served on First Choice Merchants ("First Choice"). First Choice is an independent sales organization (ISO) that acts as a broker between acquiring banks and merchants; First Choice connects merchants wishing to process payments with acquiring banks and, ultimately, receives commission from those banks. The subpoena seeks documents related to First Choice's agreements with merchants and acquiring banks concerning debit transactions and fees. First Choice's objection to producing responsive documents on purported confidentiality concerns lacks merit because it is untimely and ignores the protective order provisions that adequately address these concerns. Merchant Plaintiffs seek a pre-motion conference before seeking an order compelling First Choice to produce relevant documents.

Merchant Plaintiffs served the subpoena on First Choice nearly four months ago, on July 22, 2026. Merchant Plaintiffs agreed to extend First Choice's response deadline to August 31, 2026. First Choice failed to meet that deadline. Merchant Plaintiffs then attempted to contact First Choice more than a dozen times (eight by email and five by phone) before First Choice finally responded more than a month later.

On October 5, 2026, Merchant Plaintiffs engaged in good faith negotiations over the subpoena's scope, offering to accept a list of the acquiring banks with whom First Choice works, its agreements with those banks, and a declaration explaining First Choice's role in the debit payment ecosystem in satisfaction of its subpoena obligations. On October 7, First Choice informally objected to producing the agreements because they contained confidentiality clauses. First Choice later clarified that it interpreted the contract clauses in these agreements to open it to unspecified claims by the banks if it produced the agreements. Although First Choice identified three banks with whom it works, Plaintiffs have still not received any responsive documents or declarations. Since disclosing the identity of the acquiring banks it works with, First Choice has indicated that at least one of the acquirers had consented to production of the agreements as "Highly Confidential" under the protective order. But that October 26 communication was the last time Merchant Plaintiffs heard from First Choice, and First Choice has yet to serve any formal objections to the subpoena. Its repeated failure to timely respond to and comply with the subpoena necessitates the current request.

The Court should issue an order compelling First Choice to promptly comply with the subpoena under the terms Merchant Plaintiffs offered on October 5, 2026. At the threshold, First Choice waived its right to object to Merchant Plaintiffs' subpoena by repeatedly failing to comply with the relevant deadlines. Rule 45 requires a recipient to object "before the earlier of the time specified for compliance or

14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "A non-party's failure to make objections to a Rule 45 subpoena within fourteen days renders any subsequent objections untimely[.]" *Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, 07-CIV-7983, 2016 WL 3042733 at *4 (S.D.N.Y. May 24, 2016); *see Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("The failure to serve written objections to a subpoena within the time specified by Rule 45 [] typically constitutes a waiver of such objections."). Because Merchant Plaintiffs served the subpoena at issue on First Choice on July 22, it had until August 5 to object. On August 4, Merchant Plaintiffs agreed to give First Choice until August 31 to respond to the subpoena. But First Choice did not serve its objections by that extended deadline. Worse yet, it has never served formal objections to the subpoena and only informally objected more than a month after the extended response deadline.

First Choice's untimely objection also fails on the merits. This Court and others have repeatedly held that a confidentiality agreement between private parties does not excuse noncompliance with a subpoena. *See*, *e.g.*, *In re Ex Parte Application Kleimar N.V.*, 220 F. Supp. 3d 517, 522 (S.D.N.Y 2016) (finding confidentiality concerns arising out of contracts' confidentiality clauses did not warrant quashing subpoena); *Conopco, Inc. v. Wein*, No. 05 CIV. 9899, 2007 WL 1040676 at *5 (S.D.N.Y. April 4, 2007) ("[T]he simple fact that the parties to the settlement agreement agreed to its confidentiality 'does not shield it from discovery.'") (citations omitted). This especially applies where, as here, the case's protective order adequately addresses the subpoena recipient's confidentiality concerns. *Doe v. Benjamin Zaremski, M.D.*, No. 21-CV-03187, 2022 WL 2966041, at *10 (S.D.N.Y. July 27, 2022) ("courts commonly require parties to produce confidential documents; the confidentiality of those documents is protected not by denying access to them, but by entering a protective order to cover them."). Under the protective order, First Choice may designate the agreements as either "Confidential" or "Highly Confidential," which would bar disclosure outside this case. Am. Stipulated Protective Order, ECF No. 139 ¶¶ 24, 31. The order also gives First Choice the option to seek additional protections, which it has failed to do. *See id.* at ¶ 21. Given these protections, it is not surprising that other subpoenaed non-parties whose relevant agreements also contain confidentiality clauses have produced them.

Because First Choice's untimely objection lacks merit, this Court should order it to produce (1) a list of all banks with whom it works or has worked since January 1, 2008, (2) all agreements with those banks during that time, and (3) a declaration setting forth First Choice's role in the debit payment ecosystem.[1]

We appreciate the Court's time and attention to this matter and are ready to address any questions the Court may have at a pre-motion conference.

---

[1] First Choice and Plaintiffs had previously discussed production of a declaration certifying that First Choice: (1) is an ISO acting as a broker between acquiring banks and merchants; (2) has no merchant processing contracts with merchants; (3) does not charge merchants for processing; (4) does not deal with debit networks; (5) earns its revenue through commissions from acquiring banks; and (6) is not involved in setting, charging, or passing through the fees assessed by acquirer processors, acquiring banks, and debit networks. Plaintiffs also requested that this declaration include a description of First Choice's business model, as reflected in a previous email communication with First Choice's counsel.

Respectfully submitted,

/s/ Daniel P. Weick
Scott Martin
Daniel P. Weick
Zelly Rosa
Jacob R Leiken
**HAUSFELD LLP**
33 Whitehall Street 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com
dweick@hausfeld.com
zrosa@hausfeld.com
jleiken@hausfeld.com

Christopher L. Lebsock (*Pro Hac Vice*)
**HAUSFELD LLP**
600 Montgomery Street
Suite 3200
San Francisco, CA 94111 Tel: (415) 633-1908
Fax: (415) 633-4980
clebsock@hausfeld.com

Brian A. Ratner (*Pro Hac Vice*)
Jane Shin (*Pro Hac Vice*)
**HAUSFELD LLP**
888 16th Street, NW Suite 300
Tel: (202) 540-7200
Fax: (202) 540-7201
bratner@hausfeld.com
jshin@hausfeld.com

Brent W. Johnson
Benjamin D. Brown (*Pro Hac Vice*)
Daniel McCuaig (*Pro Hac Vice*)
Zachary R. Glubiak
Zachary Krowitz (*Pro Hac Vice*)

**COHEN MILSTEIN SELLERS & TOLL LLP**
1100 New York Ave. NW ● Suite 800
Washington, DC 20005
(202) 408-4600
bjohnson@cohenmilstein.com
bbrown@cohenmilstein.com
dmccuaig@cohenmilstein.com
zglubiak@cohenmilstein.com
zkrowitz@cohenmilstein.com

Manuel J. Dominguez (*Pro Hac Vice*)
**COHEN MILSTEIN SELLERS & TOLL LLP**
2925 PGA Blvd. ● Suite 200
Palm Beach Gardens, FL 33410
(561) 515-2604
jdominguez@cohenmilstein.com

*Co-Lead Counsel for Merchant Plaintiffs and the Proposed Merchant Class*

Christopher J. Cormier (*Pro Hac Vice*)
Matt Strauser (*Pro Hac Vice*)
Ian Baize (*Pro Hac Vice*)
**BURNS CHAREST LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
(202) 577-3977
ccormier@burnscharest.com
mstrauser@burnscharest.com
ibaize@burnscharest.com

Matthew Tripolitsiotis
**BURNS CHAREST LLP**
757 Third Ave., 20th Floor
New York, NY 10017
(469) 895-5269
mtripolitsiotis@burnscharest.com

Warren T. Burns (*Pro Hac Vice Forthcoming*)
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
(469) 904-4550
wburns@burnscharest.com

Adam J. Zapala (*Pro Hac Vice*)
Joseph W. Cotchett
Brian Danitz
Gia Jung
**COTCHET, PITRE & MCCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
(650) 697-6000
azapala@cpmlegal.com
jcotchett@cpmlegal.com
bdanitz@cpmlegal.com
gjung@cpmlegal.com

*Executive Committee Counsel for Merchant Plaintiffs and the Proposed Merchant Class*

cc: All counsel of record (via CM/ECF)